[No. B015315. Second Dist., Div. Six. Feb. 11, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JEANETTE DEE LAPORT, Defendant and Appellant.

**COUNSEL**

Shulman, Shulman & Siegel and Corinne S. Shulman for Defendant and Appellant.

John K. Van de Kamp, Attorney General, William R. Weisman and Jennifer S. Cady, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, J.**—Defendant Jeanette Dee Laport was found guilty by a jury of grand theft, Penal Code section 487.1, subdivision (1). The single count in the information alleged that Laport committed the crime of grand theft between April 1983 and June 1984.

The evidence showed that during her tenure as a business manager for an art gallery, Laport embezzled approximately $18,000 by writing checks to herself. She also stole some paintings worth over $5,000.

Laport's defense was that she believed she was authorized to take the money because of her intimate relationship with the owner of the art gallery. She threw the cancelled checks away so that the owner's wife would not learn about their relationship. She took the paintings home to show a client.

Laport's sole contention on appeal is that the trial court erred by failing to instruct the jury sua sponte with CALJIC No. 17.01 which requires the jury be unanimous in determining what acts constitute the offense of grand theft. We agree and reverse the conviction.

DISCUSSION

CALJIC No. 17.01 provides: "The defendant is charged with the offense of _____. He may be found guilty if the proof shows beyond a reasonable doubt that he committed one or more of such acts, but in order to find the defendant guilty, all the jurors must agree that he committed the same act or acts. It is not necessary that the particular act or acts committed so agreed upon be stated in the verdict."

■ Thus, when a defendant is charged in a single count with several offenses, and the evidence shows that the defendant committed more than one of those offenses, the jurors must be instructed with CALJIC No. 17.01. (*People* v. *Diedrich* (1982) 31 Cal.3d 263, 280-282 [182 Cal.Rptr. 354, 643 P.2d 971]; *People* v. *Ferguson* (1982) 129 Cal.App.3d 1014 [181 Cal.Rptr. 593].) Laport concedes, however, that when the offenses constitute a continuous course of conduct there is no requirement to give CALJIC No. 17.01.

In *People* v. *Daniel* (1983) 145 Cal.App.3d 168, 174 [193 Cal.Rptr. 277], we held that where a defendant engaged in a continuous course of conduct with the objective of embezzling over $25,000 from the victim in a five-month period, CALJIC No.17.01 need not be given. Laport distinguishes *Daniel* from the instant case because in *Daniel* the embezzlement consisted of the same kind of conduct, the unlawful taking of money from a corporation. Here, the embezzlement consisted of dissimilar acts, writing unauthorized checks to herself, and taking paintings. As to each type of theft, Laport offered different defenses. Laport points out the *Diedrich* case recognized the continuous course of conduct exception, only in cases in which "the jury's verdict implies that it did not believe the only defense offered." (*People* v. *Diedrich, supra,* 31 Cal.3d 263, 283.)

The People argue that *Daniel* applies here, because Laport's course of conduct involved the crime of embezzlement from the same location and same victim with the same intent to steal. It matters not that Laport took different items on different days. The only relevant inquiry is whether she took personal property of the victim over a period of time.

If a single defense were offered by Laport, the People's position would be tenable. But the separate defenses create the very problem that CALJIC 17.01 was designed to protect against. Failure to give CALJIC 17.01 here creates a conundrum. Jurors one through six, for example, may have found Laport guilty of theft for writing checks to herself, but jurors seven through twelve may have found her not guilty of this offense. On the other hand,

jurors one through six may have found Laport not guilty of the offense of stealing the paintings, but jurors seven through twelve may have found her guilty of that offense. Twelve jurors would have found her guilty of the general crime of theft but they would not have agreed upon which act constituted that theft. Therefore, the judgment must be reversed.

Stone, P. J., and Abbe, J., concurred.