[No. F020739. Fifth Dist. Sept. 29, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
SALLY ANN WHITHAM, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Statement of Facts and part I of the Discussion.

**COUNSEL**

Kyle Gee, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and Janet G. Bangle, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DIBIASO, J.**—On October 5, 1993, a jury convicted appellant Sally Ann Whitham of murdering 11-year-old Denise Z. by the administration of poison. (Pen. Code,[1] §§ 187, subd. (a); 190.2, subd. (a)(19).) Whitham was also convicted of holding Denise and her sister, Crystal Z., in involuntary servitude (§ 181) and of physically and sexually abusing both girls (§§ 273a, subd. (1) [now § 273a, former subd. (a)]; 273d; 288, subd. (a); 288.5; 289, subd. (a)).

The People sought the death penalty, but the jury deadlocked following the penalty phase of trial. Whitham was ultimately sentenced to prison for life without the possibility of parole plus a consecutive determinate term of 50 years 8 months. This timely appeal followed.

In the published portion of this opinion, we hold that: (1) the "substantial sexual conduct" means of violating section 288.5, the "resident child molester" statute, does not require the specific intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the perpetrator or the child; and (2) subdivision (b) of section 288.5, which expressly dispenses with the need for jury unanimity on the identity of the specific acts constituting the crime, does not trench upon either the Constitution of California or the due process clause of the Constitution of the United States.

Although we do not publish the first section of this opinion, which addresses Whitham's claim the trial court erred in removing her appointed counsel, we commend Judge Schultz for his articulate, thoughtful, and sensitive handling of the issue. In fact, Judge Schultz's management of the long and arduous case in its entirety was extraordinary.

STATEMENT OF FACTS*

· · · · · · · · · · · · · · · · · · · · · · · · · ·

---

[1] All statutory references are to the Penal Code.
*See footnote, *ante,* page 1282.

DISCUSSION

I. *Removal of Defense Counsel*\*

. . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Instructional Error*

Whitham contends the trial court misinstructed the jury with respect to the intent element of section 288.5.

A. *Background*

Counts III and IV of the amended information charged Whitham with the continuous sexual abuse of Denise Z. and Crystal Z., respectively, in violation of section 288.5. Subdivision (a) of this statute provides: "Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense, as defined in subdivision (b) of Section 1203.066, or three or more acts of lewd or lascivious conduct under Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years."

At all relevant times, subdivision (b) of section 1203.066 defined "substantial sexual conduct" as "penetration of the vagina or rectum by the penis of the offender or by any foreign object, oral copulation, or masturbation of either the victim or the offender."[6]

At trial, the People requested that the court instruct the jury on continuous sexual abuse of a child according to CALJIC No. 10.42.6 (1993 rev.).[7] During the instructional conference, the court noted that the People had a

---

\*See footnote, *ante*, page 1282.

[6]Section 1203.066, subdivision (b) now reads: " 'Substantial sexual conduct' means penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender." The change does not affect our analysis.

[7]The 1993 revision of CALJIC No. 10.42.6 read in its entirety:

"[Defendant is accused in [Count[s] __ of] the information of the crime of continuous sexual abuse of a child, a violation of Section 288.5(a) of the Penal Code.]

"Every person who either resides in the same home with a minor child or has recurring access to a child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with the child under the age of 14 years at

choice of theories, i.e., substantial sexual conduct or lewd and lascivious conduct. The prosecutor asserted that the People possessed evidence supporting both theories, and he asked to proceed on both. The court responded that doing so would complicate the instructions about intent, because the court believed substantial sexual conduct required a general intent but lewd and lascivious conduct required a specific intent. The prosecutor stated that if the People were required to elect between the two theories, they would choose substantial sexual conduct, as it could be based on penetration of the vagina without any specific intent. The prosecutor claimed the evidence established penetration of the vaginas of Denise and Crystal with fingers and a mallet, and he voiced a concern that instructions on specific intent would permit the defense to successfully argue the acts in issue were done for punishment and without any sexual purpose.

The People subsequently elected to proceed solely on the theory Whitham violated the statute by engaging in substantial sexual conduct. The court determined that this means of violating section 288.5 required no specific intent and consequently instructed the jury as follows:

---

the time of the commission of the offense, or three or more acts of lewd or lascivious conduct with a child under the age of 14 years at the time of the commission of the offense, is guilty of the crime of continuous sexual abuse of a child, a violation of Section 288.5(a) of the Penal Code.

"Substantial sexual conduct means penetration of the vagina or rectum by the penis of the offender or by any foreign object, oral copulation, or masturbation of either the victim or the offender.

"A lewd or lascivious act means any touching of the body of a person under the age of fourteen years [with the specific intent to arouse, appeal to, or gratify the sexual desires of either party.] [which to an objectively reasonable person is sexually indecent or tends to arouse sexual desire.] To constitute a lewd or lascivious act it is not necessary that the bare skin be touched. The touching may be through the clothing of the child.

"[The law does not require as an essential element of the crime that the lust, passions, or sexual desires of either of such persons be actually aroused, appealed to, or gratified.]

"[It is no defense to this charge that the child under the age of fourteen years may have consented to the substantial sexual conduct or the lewd and lascivious conduct.]

"In order to prove such crime, each of the following elements must be proved:

"1.   A person is a [resident in the same house with a minor child] [or] [had recurring access to a minor child], and

"2.   Such person over a period of time, not less than three months in duration, engaged in three [or more] acts of [substantial sexual conduct] [or] [lewd and lascivious conduct] with the child under the age of fourteen years at the time of the commission of the [sexual] [or] [lewd] conduct.

"[The People have introduced evidence tending to prove that there are more than three acts of substantial sexual conduct or lewd and lascivious conduct upon which a conviction [in Count[s] __] may be based. Defendant may be found guilty if the proof shows beyond a reasonable doubt and you unanimously agree that the defendant committed three such acts. It is *not necessary that* you unanimously concur on which acts constitute the required number.]"

"The defendant is accused in Counts III and IV of the Information of the crime of continuous sexual abuse of a child, a violation of Section 288.5(a) of the Penal Code.

"Every person who resides in the same home with a minor child who over a period of time not less than three months in duration engages in three or more acts of substantial sexual conduct with the child under the age of 14 years at the time of the commission of the offense is guilty of the crime of continuous sexual abuse of a child, a violation of Section 288.5(a) of the Penal Code.

" 'Substantial sexual conduct' means penetration of the vagina or rectum by the penis of the offender or by any foreign object, oral copulation, or masturbation of either the victim or the offender. It is no defense to this charge that the child under the age of 14 years may have consented to the substantial sexual conduct.

"In order to prove such crime, each of the following elements must be proved: One, a person was at the times in question a resident in the same house with a minor child, that should be a minor child under the age of 14 years; and two, such person over a period of time not less than three months in duration engaged in three or more acts of substantial sexual conduct with the child under the age of 14 years at the time of the commission of the sexual conduct.

"The People have introduced evidence tending to prove that there are more than three acts of substantial sexual conduct upon which a conviction in Counts III or IV may be based. Defendant may be found guilty if the proof shows beyond a reasonable doubt and you unanimously agree that the defendant committed three such acts. It is not necessary that you unanimously concur on which acts constitute the required number."

The trial court defined general criminal intent for the jury in the words of CALJIC No. 3.30. Counts III and IV were included among the charges which the jury was told required a general criminal intent.

In his summation, the prosecutor relied on the testimony of Crystal Z. and one of Whitham's sons to establish counts III and IV.[8] Defense counsel countered that if, in fact, Crystal and Denise were molested, their father was the perpetrator.

---

[8] Crystal testified that more than once a month during the approximately 10 months she, Denise, and the Whitham family lived at a particular residence in Avenal, Whitham molested Crystal by putting a wooden mallet handle or her finger in Crystal's vagina. The molestations took place in Whitham's bedroom and a bathroom. Crystal testified that when the molestations occurred, Whitham would be angry at Crystal. While Whitham would not undress or

## B. *Analysis*

■ Whitham contends a violation of section 288.5 by means of substantial sexual conduct requires the same specific intent as a violation of section 288.[9] Section 288 proscribes the commission of any lewd or lascivious act on a child under the age of 14 "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires" of the perpetrator or the child. Although currently there is disagreement about what type of touching is required to violate the statute (contrast, e.g., *People* v. *Wallace* (1992) 11 Cal.App.4th 568, 575-579 [14 Cal.Rptr.2d 67] with *People* v. *Pitts* (1990) 223 Cal.App.3d 606, 887-890 [273 Cal.Rptr. 757]), it is settled that section 288 is a specific intent crime (see, e.g., *People* v. *Jones* (1954) 42 Cal.2d 219, 223 [266 P.2d 38]; *People* v. *Mansell* (1964) 227 Cal.App.2d 842, 847 [39 Cal.Rptr. 187]). Thus, if Whitham is correct, the trial court erred by failing to instruct on the " 'sexual gratification' specific intent element" found in section 288.

In *People* v. *Avina* (1993) 14 Cal.App.4th 1303 [18 Cal.Rptr.2d 511], Division Three of the First District Court of Appeal rejected a claim that the trial court should have instructed on section 288 as a lesser included offense of section 288.5. Comparing the two statutes, the appellate court said: "Section 288 requires the specific intent of 'arousing, appealing to, or gratifying the lust or passions or sexual desires of [the defendant] or of the child . . . .' A conviction for section 288.5, in contrast, could be based upon a course of substantial sexual conduct within the meaning of section 1203.066, subdivision (b), which requires no specific intent. As the Attorney General points out, such acts could be engaged in for nonsexual purposes, for example for the infliction of pain, or to appeal to the sexual interest of a third person." (*People* v. *Avina, supra,* 14 Cal.App.4th at p. 1313.)

---

fondle herself while she was doing these things to Crystal, she would sometimes say things such as, " 'Do you like it?' " and " 'Doesn't it feel good?' "

One of Whitham's sons described the mallet as being a meat tenderizer mallet. When Crystal, Denise, and the Whitham family lived in Avenal, the mallet was usually kept in a kitchen drawer. Sometimes this boy would see Crystal or Denise take the mallet into Whitham's bedroom. When Denise took the mallet into the bedroom, Whitham would be in the bedroom. The boy could not see what happened because the door was shut; however, whenever Denise took the mallet into the bedroom and Whitham was there, the boy would hear "cries and screams." This occurred more than twice a week during the time they lived in Avenal. The boy testified that the same things happened, with about the same frequency, to Crystal.

[9]Section 288.5 can be violated by the commission, within a specified time frame, of three or more acts of lewd or lascivious conduct under section 288, *or* by three or more acts of substantial sexual conduct as defined in section 1203.066, subdivision (b), i.e., vaginal or rectal penetration by a penis or any foreign object, oral copulation, or masturbation. Only this latter means of violating section 288.5 will be discussed here.

There was no instructional error in the instant case if we apply the reasoning of *Avina*. However, Whitham maintains we should disregard the opinion because its conclusion—that the "substantial sexual conduct" aspect of section 288.5 requires no specific intent—is not "logically or legally defensible." As Whitham sees it, three possible interpretations of intent arise under section 288.5. The first is that there is no intent element at all. According to Whitham, this outcome cannot be correct because it leads to absurd results. As an example, Whitham describes a parent who utilizes a rectal thermometer on a sick child more than three times over a three-month period. Whitham argues that if the "substantial sexual conduct" segment of section 288.5 has no specific intent element, this hypothetical parent has violated the statute, is ineligible for probation under section 1203.066, and is subject to a mandatory sentence of at least six years in prison. Whitham says the Legislature cannot have intended to criminalize such "patently reasonable and appropriate conduct."[10]

The second possibility offered by Whitham is that the "substantial sexual conduct" means of violating section 288.5 entails some "middle ground" between general intent and the "sexual gratification specific intent" required by section 288, "the nature of which the Legislature intended this and other Courts to guess." Although Whitham believes this interpretation does not lead to ridiculous results, in her estimation it "reflects an absurd method of legislating criminal statutes. The purpose underlying section 288.5 was to prevent resident child abusers from escaping punishment for sexual abuse of children because of imprecision of proof. If the Legislature had intended to expand the set of intents under which such acts would be criminally liable, section 288, 289, and the other 'sexual gratification' offenses would also have been amended. Furthermore, it is totally illogical to enact a statute with a specific intent element never before included in any statute, and to leave it to the courts to 'guess' that intent element."

In Whitham's view, the only rational conclusion is that the intent element required for the "substantial sexual conduct" aspect of section 288.5 is the same as the intent element under section 288. Whitham claims this interpretation is consistent with the evil sought to be prevented by section 288.5, avoids absurd results, and does not require courts to " 'guess' at some alternative intent." She therefore concludes that "section 288.5 should be interpreted to have a 'sexual gratification' specific intent element even as to the 'substantial sexual conduct' version of the offense."

---

[10]Whitham candidly admits her case has nothing to do with the parents of sick children, and concedes it is doubtful any prosecutor would bring charges under such circumstances. Nevertheless, she maintains it is "equally absurd that the Legislature intended to enact a statute rendering thousands of parents liable to prosecution, leaving it to prosecutors to pick and chose [*sic*] among them."

While there is some logic in Whitham's argument, we are nevertheless unpersuaded that section 288.5 includes the specific intent element she contends is attached to both methods by which the statute may be violated. ■ "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) In so doing, we turn first to the words of the statute. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) "In considering the words of a statute, an appellate court is required to read the statute in the light of the objective sought to be achieved by it, as well as the evil sought to be averted." (*People* v. *Carroll* (1970) 1 Cal.3d 581, 584 [83 Cal.Rptr. 176, 463 P.2d 400].) "If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. [Citation.] Such purpose will not be sacrificed to a literal construction of any part of the act. [Citations.]" (*Select Base Materials, supra,* at p. 645.)

■ As this court pointed out in *People* v. *Hord* (1993) 15 Cal.App.4th 711, 718-719 [19 Cal.Rptr.2d 55], the Legislature clearly and explicitly articulated its purpose in enacting section 288.5 in 1989:

" '(a)   The Legislature finds and declares that because of the court's decision in *People* v. *Van Hoek* [(1988)] 200 Cal.App.3d 811 [246 Cal.Rptr. 352], there is an immediate need for additional statutory protection for the most vulnerable among our children, those of tender years, some of whom are being subjected to continuing sexual abuse by those commonly referred to as "resident child molesters." These molesters reside with, or have recurring access to, a child and repeatedly molest the child over a prolonged period of time but the child, because of age or the frequency of the molestations, or both, often is unable to distinguish one incident from another in terms of time, place, or other particulars, and as a consequence prosecutors are unable to provide the specificity of charges necessary to overcome the constitutional due process problems raised in the *Van Hoek* case within the framework of existing statutory law. As a consequence, some of our most vulnerable children continue to be at risk and some of our worst offenders continue to go unpunished.

" '(b)   It is the intent of the Legislature in enacting this act to provide additional protection for children subjected to continuing sexual abuse and certain punishment for persons referred to as "resident child molesters" by establishing a new crime of continuing sexual abuse of a child under circumstances where there have been repeated acts of molestation over a

period of time, and the perpetrator either resides with or has recurring access to the child. It is the further intent of the Legislature that the penalty for this crime shall be greater than the maximum penalty under existing law for any single felony sex offense.' (Stats. 1989, ch. 1402, § 1, p. 6138.)"

It is evident from these statements that the Legislature's focus in promulgating section 288.5 was continuing *sexual abuse* in general, not simply conduct which constituted a violation of section 288.[11] In addition to resolving problems concerning the specificity of charges, the statutory language manifests an intention to proscribe and punish sexual conduct which falls within the definition of section 288 but has not yet progressed to the level of, for example, rape, sodomy, or oral copulation, *as well as* sexual conduct which has progressed to such a level but is done for the purpose of, for instance, punishment or abuse instead of sexual gratification.

"[I]t is the nature of the act that renders the abuse 'sexual' and not the motivations of the perpetrator." (*People* v. *White, supra,* 179 Cal.App.3d at pp. 205-206.) This being so, it makes eminent sense to include in section 288.5 a method of violation based upon "substantial sexual conduct" unaccompanied by the specific intent required to prove a violation of section 288. The overriding purpose of section 288.5 (as well as other sex crime statutes) is protection of the child victim and punishment of the offender. A child victim suffers no less from, for example, repeated sodomy undertaken for the purpose of punishment than he or she does from repeated sodomy performed for the purpose of sexual gratification. Moreover, it is significant that rape (§ 261), sodomy (§ 286), and oral copulation (§ 288a) are all general intent crimes and, hence, contain no "sexual gratification" specific intent element, while the only specific intent involved in foreign object penetration (§ 289) is a purpose of sexual arousal, gratification, *or* abuse. (See, e.g., *People* v. *Hernandez* (1988) 47 Cal.3d 315, 344, fn. 16 [253 Cal.Rptr. 199, 763 P.2d 1289] [sodomy]; *People* v. *Thornton* (1974) 11 Cal.3d 738, 765 [114 Cal.Rptr. 467, 523 P.2d 267] [sodomy and oral copulation][12]; *People* v. *Senior* (1992) 3 Cal.App.4th 765, 776 [5 Cal.Rptr.2d 14] [oral copulation and foreign object penetration]; *In re Alberto S.* (1991) 226 Cal.App.3d 1459, 1464 [277 Cal.Rptr. 475] [rape].) It would seem anomalous to permit prosecution of single instances of such conduct without requiring a sexual gratification specific intent element, while requiring such an intent before permitting prosecution where such acts have been performed repeatedly or on a continuing basis.

---

[11]When abuse is directed to the victim's sexual parts, the resulting conduct constitutes sexual abuse. (*People* v. *White* (1986) 179 Cal.App.3d 193, 205 [224 Cal.Rptr. 467].)

[12]*Thornton* was disapproved on other grounds in *People* v. *Flannel* (1979) 25 Cal.3d 668, 684, footnote 12 [160 Cal.Rptr. 84, 603 P.2d 1].

In addition, as the People point out, regardless of what type of touching is required to violate section 288, "the acts included within the definition of 'substantial sexual conduct,' as set forth in section 1203.066, subdivision (b), are also touchings within the meaning of section 288. It would, therefore, have been redundant for the Legislature to have included the alternative means of committing section 288.5 unless there were a difference between the two theories." We agree with the People's reasoning that this difference lies in the intent element of each theory: the "lewd or lascivious conduct" aspect of section 288.5 requires the specific intent of sexual gratification, but the "substantial sexual conduct" aspect does not. To conclude that both incorporate the same specific intent requirement would render a portion of section 288.5 surplusage, a result we must avoid if possible. (*People* v. *Hicks* (1993) 6 Cal.4th 784, 794 [25 Cal.Rptr.2d 469, 863 P.2d 714]; *J. R. Norton Co.* v. *Agricultural Labor Relations Bd.* (1979) 26 Cal.3d 1, 36-37 [160 Cal.Rptr. 710, 603 P.2d 1306].)

We are satisfied the Legislature intended by section 288.5 to target sexual conduct with a child which is undertaken for the purpose of sexual gratification (the reference to § 288) or which is otherwise *abusive* (the reference to § 1203.066, subd. (b)). Thus, while the hypothetical parent who takes his or her child's temperature with a rectal thermometer may engage in "substantial sexual conduct" within the literal terms of section 288.5 since the act involves the child's genitals (cf. *People* v. *White, supra,* 179 Cal.App.3d at p. 205), such an act without more does not constitute sexual abuse within the scope of the statute (*ibid.*).

Nothing in the language of section 288.5 itself expressly states that only substantial sexual conduct which is "abusive" constitutes the crime.[13] Whether the element of abuse can be, or should be, expressly written into section 288.5 by judicial fiat are issues we need not take on. We do not deal here with actions by Whitham which could have been innocuous. Whitham's precise contention on appeal is simply that the "substantial sexual conduct" portion of section 288.5 includes a "sexual gratification" specific intent element. Having rejected this proposition, we therefore hold that the trial court did not err in failing to so instruct the jury.

---

[13]In our view, a cogent argument can be made that a requirement the conduct be abusive is implicit in subdivision (a) of section 288.5, which states that any person who meets certain access, duration, and conduct specifications "is guilty of the offense of continuous sexual *abuse* of a child . . . ." (Italics added.)

III.  *Constitutionality of Section 288.5*

Subdivision (b) of section 288.5 states: "To convict under this section the trier of fact, if a jury, need unanimously agree only that the requisite number of acts occurred not on which acts constitute the requisite number." The jury was so instructed here, in the words of CALJIC No. 10.42.6.

Whitham claims subdivision (b) renders section 288.5 unconstitutional because it permits conviction upon a finding of three acts without requiring the jurors to unanimously agree on the same three acts. While Whitham recognizes that several Courts of Appeal have disagreed with this conclusion, she also relies upon federal due process grounds, a subject not addressed by any of these cases.

The need for jury unanimity in criminal prosecutions is of state constitutional origin. (Cal. Const., art. I, § 16; *People* v. *Mickle* (1991) 54 Cal.3d 140, 178 [284 Cal.Rptr. 511, 814 P.2d 290]; *People* v. *Jones* (1990) 51 Cal.3d 294, 321 [270 Cal.Rptr. 611, 792 P.2d 643].) Justice Werdegar has succinctly explained the rule:

"When the evidence tends to show a larger number of distinct violations of the charged crime than have been charged and the prosecution has not elected a specific criminal act or event upon which it will rely for each allegation, the court must instruct the jury on the need for unanimous agreement on the distinct criminal act or event supporting each charge. . . .

" 'Neither instruction nor election are required, however, if the case falls within the continuous course of conduct exception. This exception arises in two contexts. The first is when the acts are so closely connected that they form part of one and the same transaction, and thus one offense. . . . The second is when . . . the statute contemplates a continuous course of conduct of a series of acts over a period of time. . . .' " (*People* v. *Avina, supra,* 14 Cal.App.4th at pp. 1303, 1309, citations omitted.)

This exclusion from the unanimity principle is well established in California jurisprudence. (See, e.g., *People* v. *Diedrich* (1982) 31 Cal.3d 263, 281-282 [182 Cal.Rptr. 354, 643 P.2d 971]; *People* v. *Jenkins* (1994) 29 Cal.App.4th 287, 299-300 [34 Cal.Rptr.2d 483]; *People* v. *Gear* (1993) 19

Cal.App.4th 86, 91 [23 Cal.Rptr.2d 261], cert. den. *sub nom. Gear* v. *California* (1994) __ U.S. __ [128 L.Ed.2d 471, 114 S.Ct. 1846]; *People* v. *Higgins* (1992) 9 Cal.App.4th 294, 301 [11 Cal.Rptr.2d 694]; *People* v. *Brown* (1991) 234 Cal.App.3d 918, 935 [285 Cal.Rptr. 824]; *People* v. *Salvato* (1991) 234 Cal.App.3d 872, 882 [285 Cal.Rptr. 837]; *People* v. *Gunn* (1987) 197 Cal.App.3d 408, 412 [242 Cal.Rptr. 834]; *People* v. *Laport* (1987) 189 Cal.App.3d 281, 283 [234 Cal.Rptr. 399]; *People* v. *Daniel* (1983) 145 Cal.App.3d 168, 175 [193 Cal.Rptr. 277]; *People* v. *Crawford* (1982) 131 Cal.App.3d 591, 597 [182 Cal.Rptr. 536]; *People* v. *Madden* (1981) 116 Cal.App.3d 212, 218 [171 Cal.Rptr. 897] and cases cited therein.) The California Supreme Court has made clear that a unanimity instruction is inappropriate where one offense is charged and a continuous course of conduct is shown to establish that single offense. (*People* v. *Ainsworth* (1988) 45 Cal.3d 984, 1017-1018 [248 Cal.Rptr. 568, 755 P.2d 1017].) As Justice Mosk has explained: "The continuous-course-of-conduct crime does not require jury unanimity on a specific act, because it is not the specific act that is criminalized. The *actus reus* of such a crime is a *series* of acts occurring over a substantial period of time, generally on the same victim and generally resulting in cumulative injury. The agreement required for conviction is directed at the appropriate *actus reus*: unanimous assent that the defendant engaged in the criminal course of conduct." (*People* v. *Jones*, *supra*, 51 Cal.3d at p. 329 (dis. opn. of Mosk, J.); *People* v. *Gear*, *supra*, 19 Cal.App.4th at p. 93.)

■ The language of the statute under examination determines whether the Legislature intended to punish one or more individual acts or instead an entire wrongful course of conduct. (*People* v. *Salvato*, *supra*, 234 Cal.App.3d at p. 882; *People* v. *Thompson* (1984) 160 Cal.App.3d 220, 225 [206 Cal.Rptr. 516].) The text of section 288.5 leaves no doubt the Legislature intended to create a course-of-conduct offense (*People* v. *Gear*, *supra*, 19 Cal.App.4th at p. 92; *People* v. *Avina*, *supra*, 14 Cal.App.4th at p. 1310; *People* v. *Higgins*, *supra*, 9 Cal.App.4th at p. 304); it is undeniably " 'the continuing course of abuse which leads to prosecution and conviction' " (*People* v. *Thompson*, *supra*, 160 Cal.App.3d at p. 225 [spousal abuse]).[14] Section 288.5 therefore "falls within the exception to the rule that jurors must agree on the particular criminal acts committed by the defendant before convicting him." (*People* v. *Gear*, *supra*, 19 Cal.App.4th at p. 92.)

Because section 288.5 requires jurors unanimously to find the defendant engaged in the prohibited course of conduct—the *actus reus*—the statute does not transgress the California Constitution. (*People* v. *Gear*, *supra*, 19

---

[14]*Whitham does not contend otherwise.*

Cal.App.4th at pp. 92-93.) The California Supreme Court has held that there is no constitutional infirmity to section 288 convictions predicated exclusively on generic testimony. (*People* v. *Jones, supra,* 51 Cal.3d at pp. 321-322; see *People* v. *Higgins, supra,* 9 Cal.App.4th at p. 301.) It follows that there is no violation of the right to a unanimous verdict inherent in the " 'codification of generic proof in section 288.5 . . . .' " (*People* v. *Gear, supra,* 19 Cal.App.4th at p. 94, quoting *Higgins, supra,* at p. 301.) Accordingly, it is the number of acts of molestation which is the essential element of the crime, and not jury unanimity about which particular acts constitute the crime. (*Id.* at p. 307.) "By criminalizing a course of conduct, Penal Code section 288.5 intended to make proof of specific acts unnecessary. The fact that the jurors select different acts to satisfy the numerical threshold for a course of conduct does not render the statute unconstitutional. Rather, it assures the jury must agree there is a course of conduct and prevents conviction based on a single act or a series of acts upon which the jury does not agree." (*Ibid.*; see also *People* v. *Leffel* (1988) 203 Cal.App.3d 575, 586 [249 Cal.Rptr. 906] [suggesting where crime charged has more than one element, there is no requirement that the jury unanimously agree on the specific act constituting the required element of the offense].)

We find the cases which have addressed the issue of jury unanimity vis-à-vis section 288.5—*People* v. *Gear, supra,* 19 Cal.App.4th 86; *People* v. *Avina, supra,* 14 Cal.App.4th 1303; and *People* v. *Higgins, supra,* 9 Cal.App.4th 294—well reasoned and persuasive. Accordingly, we, too, hold that section 288.5 does not deprive a criminal defendant of the right to a unanimous jury verdict under article I, section 16 of the California Constitution.

▮ This determination does not dispose of Whitham's entire constitutional argument, however. As we said earlier, she includes in her attack upon section 288.5 the claim that subdivision (b) of the section infringes upon the due process clause of the United States Constitution. Specifically, Whitham maintains that the subdivision "erod[es] in the jurors' minds the necessity of proof beyond a reasonable doubt on one or another of the alternative factual bases of guilt" and "permit[s] the inadvertent amalgamation in the jurors' minds of the level of proof on the alternative factual bases into a single quantum sufficient to achieve" proof beyond a reasonable doubt of a violation of the statute.

It is settled that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." (*In re Winship* (1970) 397 U.S. 358, 364 [25 L.Ed.2d 368, 375, 90 S.Ct. 1068].) However,

the United States Supreme Court "has never held jury unanimity to be a requisite of due process of law. Indeed, the Court has more than once expressly said that '[i]n criminal cases due process of law is not denied by a state law . . . which dispenses with the necessity of a jury of twelve, *or unanimity in the verdict.*' [Citations.]" (*Johnson* v. *Louisiana* (1972) 406 U.S. 356, 359 [32 L.Ed.2d 152, 157-158, 92 S.Ct. 1620], italics added.)

The reasonable doubt standard developed separately from both jury trial and unanimous verdict notions. Since the Sixth Amendment itself does not require proof beyond a reasonable doubt, the Sixth Amendment right to a jury trial does not require a unanimous verdict in order to give substance to the reasonable doubt standard mandated by the due process clause. (*Apodaca* v. *Oregon* (1972) 406 U.S. 404, 411-412 [32 L.Ed.2d 184, 191-192, 92 S.Ct. 1628].) In short, "want of jury unanimity is not to be equated with the existence of a reasonable doubt . . . ." (*Johnson* v. *Louisiana, supra,* 406 U.S. at p. 363 [32 L.Ed.2d at p. 160].)

In the case of a defendant charged with violating section 288.5, the requirement of proof beyond a reasonable doubt (see CALJIC No. 2.90) means that each juror must find, beyond a reasonable doubt, that the defendant engaged in at least three acts of sexual abuse with the child victim within the prescribed time frame. That rational people may disagree as to which particular instances of abuse are shown by the evidence "is not in itself equivalent to a failure of proof by the State, nor does it indicate infidelity to the reasonable-doubt standard." (*Johnson* v. *Louisiana, supra,* 406 U.S. at p. 362 [32 L.Ed.2d at p. 159].) Moreover, that all 12 jurors must unanimously agree on the existence of a course of conduct, but not on which particular acts make up that course of conduct, does not, in all logic, lessen the need for proof beyond a reasonable doubt of each underlying act relied upon by each juror. Without such proof, there can be no proof beyond a reasonable doubt of the prohibited course of conduct. The wording of section 288.5—and the jury instruction based on it—makes this clear. We therefore do not share Whitham's fear that the statute's failure to require jury unanimity on the critical underlying acts will dilute the fundamental requirement that the offense be proven beyond a reasonable doubt.

Whitham says, however, that whatever numerical division might be held constitutional for purposes of a criminal conviction, states are not free to convict by a simple majority. Because there is no unanimity requirement in section 288.5, Whitham fears she might have been convicted even though the jury split six to six on the factual basis for the verdict. As we and other courts have said, however, section 288.5 proscribes a *course of conduct.* In order to convict a defendant of violating the statute, the jurors must unanimously agree that this chain of behavior has been proven beyond a reasonable doubt. In our view, this satisfies the due process requirements of the United States Constitution.

## DISPOSITION

The judgment is affirmed.

Ardaiz, P. J., and Thaxter, J., concurred.

A petition for a rehearing was denied October 30, 1995, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied January 4, 1996.