Filed 9/30/15  P. v. Owen CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075048 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036523) |
| v. | |
| BRYAN SCOTT OWEN, | |
| Defendant and Appellant. | |

A jury convicted defendant Bryan Scott Owen of continuous sexual abuse of a child.  (Pen. Code, § 288.5, subd. (a).)  The trial court sustained multiple enhancement allegations based on four prior convictions for lewd and lascivious acts on a child under 14, and the trial court sentenced defendant to 48 years to life plus 21 years.

On appeal, defendant contends (1) there is insufficient evidence to support his conviction, and (2) the lack of an appellate record regarding his prior convictions warrants vacating the sentence enhancements.  Finding insufficient evidence that the abuse took place for at least three months, we will modify the judgment to reflect conviction of the lesser included offense of lewd act on a child under the age of 14

1

(§ 288, subd. (a)) and remand for resentencing.  As modified, we will affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Crime*

Defendant has three daughters, S.O., J.O., and T.O.  At the time of the trial, defendant's youngest daughter, S.O., was 12 years old and living with her aunt.  She had lived with defendant and her mother until she was 10.  Defendant began touching S.O. "in ways [she] didn't like" when she was eight years old. The family lived in an Oroville apartment complex at the time.

Defendant first molested S.O. when she was sitting on her bed.  Defendant pulled down her pants, held her down by putting a hand on her shoulder, and used his other hand to touch her vagina "for a few minutes."  When defendant touched S.O. she would try to stop defendant by pushing him away.  Defendant touched her this way on more than 10 separate occasions.  It happened a "couple times a week."

Defendant molested S.O. in other ways.  One time, defendant rubbed his erect penis on S.O.'s hip and ejaculated on her before she could get away to the bathroom.  Another time, S.O. was taking a shower in the locked bathroom.  Defendant picked the lock and entered the bathroom.  He left after S.O. told him to "get out."  Defendant did this several times even though none of his belongings were in the bathroom.  Defendant would also stare at her while she was in the shower.  He would look at her through the shower curtain.  Defendant did this two or three times, from the ages of eight to nine.

One time, defendant entered S.O.'s bedroom, pulled down her pajamas, held her by the waist, and licked her vagina.  She escaped by kicking him.  Another time, defendant put S.O.'s hand on his erect penis.

S.O. recalled an instance that started when she used the shower in the master bedroom suite because her bathroom's shower was backed-up.  As she exited the bathroom fully clothed, defendant, wearing only boxer shorts, told her to put her hand on

2

his erect penis. When S.O. refused, defendant grabbed her hand and put it on his penis. S.O. wiggled her hand and jerked it back. When asked, "How old were you the last time your dad touched you in the ways you just described," S.O. replied, "Nine."

S.O. testified these events occurred while her mother was at work. S.O. would lock herself in the bathroom to keep defendant from molesting her. After school, she would stay away from home until her mother returned from work at 10:00 p.m. She did not tell her mother about being molested by her father because she was uncomfortable talking to her about it. The first person she told was her cousin Tr. S.O. was 10 and living with her aunt for a few months when she told Tr. About 30 minutes after telling her cousin, S.O. told her aunt.

S.O. was removed from defendant's home on February 17, 2011. Her birth date is in September of 2000. All of the sexual abuse happened when she was eight and nine years old.

*Prior Crimes*

Defendant's oldest daughter, J.O., testified that defendant molested her when she was five or six years old. He called her into the bedroom and put his penis on her vagina. She was 29 years old when she testified in the present case.

T.O., who is a year younger than her sister J.O., testified regarding an incident that took place when she was five or six. Defendant let J.O. out of the master bedroom and called T.O. into the room. He then laid T.O. down on the bed and started touching her vagina. Another time, defendant touched her leg with his erect penis while she was resting with defendant in his bed. T.O. told her mother what happened.

*The Defense*

Testifying on his own behalf, defendant admitted that J.O. and T.O. testified truthfully about his molesting them. He was prosecuted for molesting his older daughters, pleaded no contest to the charges, and was sentenced to prison as a result. Defendant testified that he molested J.O. and T.O. because of drug and alcohol use after

his father's death and because he had been sexually abused by an older male cousin when he was a child. He testified that he never sexually abused S.O. Defendant added that, since spending time in prison and getting sex offender counseling, he was no longer sexually attracted to children.

Defendant admitted to pleading guilty to charges of domestic violence against S.O.'s mother in 2003.

*Enhancement Allegations*

The information alleged that defendant had four prior convictions in 1992 for lewd and lascivious acts on a child under 14 (Pen. Code, § 288, subd. (a)) [1] which formed the basis of four serious felony allegations (§ 667, subd. (a)), four violent felony prison term allegations (§ 667.5, subd. (a)), five one strike allegations (§§ 667.51, subds. (a), (b), 667.6, subd. (a)), and four strike allegations (§ 1170.12). The information also alleged a prior prison term allegation based on a 2003 conviction for corporal injury to a spouse. (§ 273.5, subd. (a).)

At the bench trial on the priors, the prosecution submitted records from the Department of Corrections and Rehabilitation, which consisted of the abstract of judgment, fingerprint card, and photograph of defendant regarding his prison commitment for the 1992 convictions for violating section 288, subdivision (a). The prosecution also submitted records from the Department of Corrections and Rehabilitation consisting of the same materials regarding defendant's 2003 conviction for violating section 273.5, subdivision (a).

Defense counsel told the trial court he had "reviewed them in discovery and compared the originals to those that I've reviewed . . . ." After the prosecutor asked for the records to be admitted into evidence, the trial court asked defense counsel if he

---

[1] Undesignated statutory references are to the Penal Code.

4

wished to be heard. Defense counsel replied, "[t]hey are certified, your Honor. Submitted." The trial court admitted the offered evidence and sustained the allegations related to the prior convictions without argument or objection.

## DISCUSSION

### I.

*Continuous Sexual Abuse of a Child*

Defendant contends there is insufficient evidence that he molested S.O. over a three-month period to support his conviction for continuous sexual abuse of a child. We agree.

Section 288.5, subdivision (a) provides in relevant part: "Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in . . . three or more acts of lewd or lascivious conduct . . . with a child under the age of 14 years . . . is guilty of the offense of continuous sexual abuse of a child . . . ."

"[T]he prosecution must prove defendant committed the minimum number of proscribed acts within the specified time period. 'Section 288.5 relates to "continuous sexual abuse" and accordingly requires at least three acts of sexual misconduct with the child victim over at least three months to qualify for prosecution of persons who are either residing with, or have "recurring access" to, the child.' [Citations.]" (*People v. Mejia* (2007) 155 Cal.App.4th 86, 94 (*Mejia*).) "[T]he prosecution need not prove the exact dates of the predicate sexual offenses in order to satisfy the three-month element. Rather, it must adduce sufficient evidence to support a reasonable inference that at least three months elapsed between the first and last sexual acts. Generic testimony is certainly capable of satisfying that requirement." (*Id*. at p. 97.)

" 'In reviewing a challenge to the sufficiency of the evidence, we do not determine the facts ourselves. Rather, we "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is

5

reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citations.] We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] . . . "[I]f the circumstances reasonably justify the jury's findings, the judgment may not be reversed simply because the circumstances might also reasonably be reconciled with a contrary finding." [Citation.] We do not reweigh evidence or reevaluate a witness's credibility. [Citation.]' [Citations.]" (*People v. Nelson* (2011) 51 Cal.4th 198, 210.) Reversal on the ground of insufficiency of the evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the jury's finding. (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

S.O. testified that defendant molested her when she was eight and nine, but did not otherwise specify a beginning and ending time for the molestation. Defendant asserts that this "interval reasonably could have been one of a few days or weeks, but assuming it was more than 12 weeks is pure speculation." He concludes that there is insufficient evidence of the three-month element, which mandates reversing his conviction.

In *Mejia*, the court addressed whether the molestation of the victim had occurred for at least three months before she turned 14 years old, on September 18, 2004. (*Mejia, supra,* 155 Cal.App.4th at p. 94.) The court analyzed the problem as follows:

"Construing the victim's testimony in the light most favorable to the People's case, the evidence showed defendant first abused her sometime in June 2004, when she was in eighth grade. There were 10 instances of abuse by defendant between June and the start of ninth grade sometime 'around July' of that year. The victim also testified that during the 12-week period from June through August 2004, defendant molested her more than three times. In September of that year, defendant molested her at least twice. While on direct examination, the victim testified generally that defendant molested her 'two or

three days a week,' but she clarified that defendant did not molest her every week within that time period.

"Accordingly, the only reasonable inference permitted by the evidence was that defendant's abuse began sometime in June and continued to some date in September—but the jury could only speculate that the first incident occurred early enough in June to satisfy the 90-day requirement expiring on September 17, 2004. Indeed, there was no evidence as to when defendant abused her in September, including whether the abuse occurred before and/or after her birthday. As defendant correctly argues, although there was ample evidence that at least three qualifying sexual offenses occurred during the charging period, there was no substantial evidence that at least three months elapsed between the first and third offenses committed against her as a 13 year old." (*Mejia, supra,* 155 Cal.App.4th at pp. 94-95.)

As in *Mejia*, the evidence here does not include any evidence showing the lapse of time between the first and last offenses. S.O. testified to defendant molesting her when she was eight and that the offenses stopped when she was nine, but she does not say when in her eighth year the abuse began or how long after she turned nine the abuse stopped. Nor does any evidence support an inference for either a beginning or ending date or some other duration that would support the three-month element of continuous sexual abuse of a child. S.O. testified that defendant would touch her vagina a couple of times a week and did this act more than 10 times; this supports an inference of molesting for five weeks, but no longer time can be inferred. The other acts she described provide no support for a longer period.

"[T]here must be evidence to support an inference and the prosecution may not fill an evidentiary gap with speculation. [Citations.]" (*People v. Felix* (2001) 92 Cal.App.4th 905, 912.) While generic testimony can support a conviction under section 288.5, such testimony must nonetheless identify some period of time that satisfies the three-month element. " '[E]ven generic testimony (e.g., an act of intercourse "once a

7

month for three years") outlines a series of *specific*, albeit undifferentiated, incidents, *each* of which amounts to a separate offense, and *each* of which could support a separate criminal sanction.' " (*People v. Matute* (2002) 103 Cal.App.4th 1437, 1445, quoting *People v. Jones* (1990) 51 Cal.3d 294, 314, original italics.) This case for continuous sexual abuse contains the same deficiency as *Mejia:* The evidence supports no more than speculation that defendant molested his victim continuously over the three-month period. Put another way, the evidence presented allows an inference that the sexual abuse might have occurred within a 90-day window around S.O.'s ninth birthday. Because the evidence does not support an inference that the sexual abuse occurred during a period lasting more than 90 days, an element of the charged offense, defendant's conviction must be reversed.

Although the evidence does not support a conviction for continuous sexual abuse of a child, it does support a conviction for the lesser included offense of lewd act on a child under the age of 14. (§ 288, subd. (a).) There are two methods for determining whether an offense is a lesser included offense: "[A] lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense [(the elements test)], or the facts actually alleged in the accusatory pleading [(the accusatory pleading test)], include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 117.) In their supplemental briefs, both parties agree that section 288, subdivision (a) is a lesser included crime of a section 288.5 offense under the accusatory pleading test.

Section 288.5 can be violated either by means of substantial sexual conduct or the lewd and lascivious conduct required by section 288. Lewd and lascivious conduct under

section 288[2] requires the specific intent of " 'arousing, appealing to, or gratifying the lust, passions, or sexual desires' of the perpetrator or the child." (*People v. Whitham* (1995) 38 Cal.App.4th 1282, 1290.) Substantial sexual conduct requires no specific intent. (*People v. Avina* (1993) 14 Cal.App.4th 1303, 1313 (*Avina*).) Accordingly, under the elements test, section 288, subdivision (a) is not a lesser included offense of section 288.5. (*Avina, supra,* at pp. 1313-1314.)

We agree with the parties that as charged in this case, the offense of continuous sexual abuse of a child includes the lesser offense of lewd act on a child under the age of 14. The information charged that defendant, in committing section 288.5, "did unlawfully engage in three and more acts of 'substantial sexual conduct' as defined in Penal Code section 1203.066(b), and three and more lewd and lascivious acts, as defined in Penal Code section 288, with [S.O.], . . . a child under the age of 14 years."

In the interest of judicial economy, an appellate court can modify a judgment of conviction to a lesser-included offense. (*People v. Matian* (1995) 35 Cal.App.4th 480, 487; § 1181, subd. (6).) We will modify the judgment to reflect a conviction under section 288, subdivision (a) as a lesser included offense and remand for resentencing.[3]

---

[2] Section 288 states in pertinent part: "Except as provided in subdivision (i), any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years." (§ 288, subd. (a).)

[3] In supplemental briefs, both defendant and the Attorney General agreed we can modify defendant's conviction to the section 288 offense if we find insufficient evidence to support the section 288.5 conviction.

## II.

### *Appellate Record of Prior Convictions*

Defendant contends the appellate record of his prior convictions is insufficient to permit adequate review of the trial court's true findings as to the strike, serious felony, and prior prison term allegations and asks us to reverse them. We disagree.[4]

"[S]tate law entitles a defendant only to an appellate record 'adequate to permit [him or her] to argue' the points raised in the appeal. [Citation.] Federal constitutional requirements are similar. The due process and equal protection clauses of the Fourteenth Amendment require the state to furnish an indigent defendant with a record sufficient to permit adequate and effective appellate review. [Citations.] . . . The defendant has the burden of showing the record is inadequate to permit meaningful appellate review. [Citation.]" (*People v. Rogers* (2006) 39 Cal.4th 826, 857-858.)

The trial court sustained the various allegations based on evidence of defendant's prior convictions found in People's exhibits 1 and 2, the section 969, subdivision (b) packets for the relevant prior convictions. We granted defendant's application to augment the record to include these exhibits. In response, the superior court filed a declaration that the exhibits had been returned to the district attorney, but upon the clerk's inquiry, the district attorney was unable to locate the exhibits.

"Inconsequential inaccuracies or omissions in a record cannot prejudice a party; if in truth there does exist some consequential inaccuracy or omission, the appellant must show what it is and why it is consequential." (*People v. Chessman* (1950) 35 Cal.2d 455, 462.) Defendant identifies no claim he could make that is prejudiced by the failure to include the exhibits in the appellate record. Defendant's trial counsel reviewed the

---

[4] We grant defendant's request that we take judicial notice of our own file in this case. (*Certain Underwriters at Lloyd's of London v. Superior Court* (2001) 24 Cal. 4th 945, 955, fn. 2 [reviewing court may take judicial of its own records in the case].)

exhibits and raised no objection when they were presented at the trial on the allegations. Defendant testified at trial that he had prior convictions for molesting his older daughters and was sentenced to prison as a result. The summary of defendant's criminal record contained in the probation report lists the convictions and prison terms alleged in the information; four prior convictions for lewd acts on a child resulting in a prison term, and a prior conviction for corporal injury to a spouse that resulted in a prison term. Defendant, who has not asked the trial court to reconstruct the missing exhibits, has failed to identify what claim, if any, for which he is denied meaningful appellate review due to deficiencies in the appellate record.

Since defendant has failed to carry his burden of establishing prejudice, we reject his contention.

## DISPOSITION

The judgment is modified to reduce defendant's conviction of continuous sexual abuse of a child (Pen. Code, § 288.5) to lewd act on a child (Pen. Code, § 288, subd. (a)). As modified, the judgment of conviction is affirmed. The case is remanded to the trial court for resentencing.


     RENNER         , J.


We concur:


  RAYE         , P. J.


  BUTZ         , J.