[No. D016208. Fourth Dist., Div. One. Oct. 1, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN GEAR, Defendant and Appellant.

**COUNSEL**

Jan Stiglitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Raquel Gonzalez, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**TODD, Acting P. J.**—The sole issue presented in this appeal is the constitutionality of Penal Code[1] section 288.5, which created the crime of "continuous sexual abuse of a child."

A jury convicted Kevin Gear of one count of section 288.5. The jury also found true an allegation that Gear occupied a position of special trust to the victim within the meaning of section 1203.066, subdivision (a)(9). The trial court sentenced Gear to the middle term of 12 years in prison on the section 288.5 count. Gear appeals, contending section 288.5 is unconstitutional because it (1) violates his right to jury unanimity on the *actus reus* of the crime, and (2) deprives him of due process of law by not providing adequate notice of the specific acts that formed the basis of the charge.

### FACTS

Gear and his wife Deborah lived in a house in El Cajon with three children of the marriage and two of Deborah Gear's children from a prior marriage, including Ameris D.

In the spring or early summer of 1990, as Ameris was completing the sixth grade, Gear began to molest her. During the first incident, Gear called Ameris into the garage, had her sit on a stool, unzipped his pants and put his penis in her mouth. Gear told Ameris not to tell anyone about the incident. About a month later, Gear again called Ameris into the garage and had her orally copulate him. This conduct was repeated a couple of weeks later.

Ameris testified Gear also had her orally copulate him a number of times in the master bathroom while she sat on the toilet seat. Ameris said Gear had her orally copulate him about 15 times in the garage and 5 times in the master bathroom. One time in the bathroom, Gear put his penis on Ameris's breast and ejaculated on her breast.

At various times, Gear also touched Ameris's breast, both over and under her clothing. Twice, Gear unzipped Ameris's pants and put his hand inside the pants and felt around her vagina. On two other occasions, Gear tried to "French kiss" Ameris while she was watching television.

Ameris also testified about an incident in which Gear called her into the master bedroom where he was lying on the bed and told her to take off her clothes and get in bed with him. She complied. After she lay there for a

---

[1]All statutory references are to the Penal Code unless otherwise specified.

couple of minutes, Gear told her to get dressed and leave. This incident occurred about three months after the first oral copulation.

Generally, the oral copulation incidents took place while Deborah Gear was away from the house, and the other incidents occurred at night after Deborah Gear had gone to bed and Ameris was in her bed.

On July 19, 1991, Gear felt Ameris's breast through her clothing while she was folding laundry. The next night mother and daughter were together in the kitchen when Deborah Gear, sensing that Gear was hurting Ameris, asked her daughter if Gear had ever hit her while she was gone. Ameris told her mother Gear had touched her in places she did not want to be touched. Deborah told Ameris she would not let Gear hurt her again. On July 21, Deborah telephoned her brother and told him to contact the police.

Testifying in his defense, Gear denied all of Ameris's accusations. Also testifying for the defense were a number of character witnesses who said Gear never exhibited any sexual interest in children. The defense also called witnesses who questioned Ameris's credibility.

DISCUSSION

I

 Gear first attacks the constitutionality of section 288.5[2] on the ground that the statute and the concomitant jury instruction (CALJIC No. 10.42.6)[3] deprived him of his right to a unanimous jury verdict (Cal. Const., art. I, § 16) by allowing a conviction without requiring jury unanimity as to which three underlying acts occurred. This attack is without merit.

---

[2]Section 288.5 provides in pertinent part: "(a) Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense, as defined in subdivision (b) of Section 1203.066, or three or more acts of lewd or lascivious conduct under Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of a continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years. [¶] (b) To convict under this section the trier of fact, if a jury, need unanimously agree only that the requisite number of acts occurred not on which acts constitute the requisite number."

[3]CALJIC No. 10.42.6, as given, reads: "The defendant is accused in count 1 of the information of the crime of continuous sexual abuse of a child, a violation of section 288.5(a) of the Penal Code. [¶] Every person who either resides in the same home with a minor child or has recurring access to a child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with the child under the age of 14 years at the time of the commission of the offense, or three or more acts of lewd or lascivious conduct with a child under the age of 14 years at the time of the commission of the

The general rule is that the jury must unanimously "agree upon the commission of the same act in order to convict a defendant of a charged offense." (*People* v. *Masten* (1982) 137 Cal.App.3d 579, 588 [187 Cal.Rptr. 515], disapproved on other grounds in *People* v. *Jones* (1988) 46 Cal.3d 585, 600, fn. 8 [250 Cal.Rptr. 635, 758 P.2d 1165].) Essentially, an "either/or" rule has evolved: "[W]hen the accusatory pleading charges a single criminal act and the evidence shows more than one such unlawful act, *either* the prosecution must select the specific act relied upon to prove the charge *or* the jury must be instructed . . . that it must unanimously agree beyond a reasonable doubt that defendant committed the same specific criminal act." (*People* v. *Gordon* (1985) 165 Cal.App.3d 839, 853 [212 Cal.Rptr. 174], fn. omitted.)

This fundamental rule has presented vexing proof problems in cases involving resident child molesters—those persons who reside with a minor or have unchecked access to a minor and are charged with repeatedly sexually molesting the minor over a prolonged period of time. As the Supreme Court explained in *People* v. *Jones* (1990) 51 Cal.3d 294, 305 [270 Cal.Rptr. 611, 792 P.2d 643], young victims of such molestations "may have no practical way of recollecting, reconstructing, distinguishing or identifying by 'specific incidents or dates' all or even any such incidents." A series of cases predominantly from the Court of Appeal for the Fifth Appellate District highlighted the problems of proof and instructions in the resident child molester class of cases. Generally, the Fifth District held that where a unanimity instruction had been given and the evidence of the several acts of

offense, is guilty of the crime of continuous sexual abuse of a child, a violation of section 288.5(a) of the Penal Code.

"Substantial sexual conduct means penetration of the vagina or rectum by the penis of the offender or by any foreign object, oral copulation, or masturbation of either the victim or the offender. [¶] A lewd or lascivious act means any touching of the body of a person under the age of 14 years with the specific intent to arouse, appeal to, or gratify the sexual desires of either party. To constitute a lewd or lascivious act it is not necessary that the bare skin be touched. The touching may be through the clothing of the child. [¶] The law does not require as an essential element of the crime that the lust, passions, or sexual desires of either of such persons be actually aroused, appealed to, or gratified. [¶] It is no defense to this charge that the child under the age of 14 years may have consented to the substantial sexual conduct or the lewd and lascivious—to the conduct or the lewd and lacivious conduct.

"In order to prove such crime, each of the following elements must be proved: [¶] 1. A person is a resident in the same house with a minor child, and [¶] 2. Such person over a period of time, not less than three months in duration, engaged in three or more acts of substantial sexual conduct or lewd and lascivious conduct with the child under the age of 14 years at the time of the commission of the sexual or lewd conduct. [¶] The People have introduced evidence tending to prove that there are more than three acts of substantial sexual conduct or lewd and lascivious conduct upon which a conviction in count 1 may be based. Defendant may be found guilty if the proof shows beyond a reasonable doubt and you unanimously agree that the defendant committed three such acts. It is not necessary that you unanimously concur on which acts constitute the required number."

molestation did not present a distinguishing characteristic or individualizing aspect, there was a violation of due process. (See *People* v. *Van Hoek* (1988) 200 Cal.App.3d 811, 816 [246 Cal.Rptr. 352]; *People* v. *Atkins* (1988) 203 Cal.App.3d 15, 19 [249 Cal.Rptr. 863]; *People* v. *Luna* (1988) 204 Cal.App.3d 726, 746 [250 Cal.Rptr. 878]; *People* v. *Vargas* (1988) 206 Cal.App.3d 831, 845-846 [253 Cal.Rptr. 894].)[4] In *Van Hoek*, the defendant was accused of molesting his daughter from her third through her thirteenth year. The daughter testified the molestations always began in the same way—her father would talk sweetly to her, kiss her and then caress her breasts or vagina. When the daughter was 12 and 13, 5 or 6 acts of sexual intercourse occurred, but she could not link them to any specific date or significant event. The Fifth District found the failure to allege and prove specific acts of molestation constituted a deprivation of due process because the defendant was not afforded an opportunity to prepare an adequate defense. (200 Cal.App.3d at p. 818.) The Fifth District also found that it was impossible for the jury to unanimously agree upon any specific acts to support a conviction under section 288 when testimony of the victim is generic and consequently unspecific as to time or place. (200 Cal.App.3d at p. 816.) "Implicit in the cases requiring specificity of charges and the charges being supported by specific testimony given at trial is the fundamental due process rule, steeped in antiquity, that the prosecution must prove a specific act and the twelve jurors must agree on one specific act." (*Id.* at p. 817, relying upon *People* v. *Williams* (1901) 133 Cal. 165 [65 P. 323] and *People* v. *Castro* (1901) 133 Cal. 11 [65 P. 13].)

Section 288.5, creating the new crime of continuous sexual abuse of a child, was the Legislature's response to *Van Hoek, supra,* 200 Cal.App.3d 811. (Stats. 1989, ch. 1402, § 1, subd. (a), p. 6138 ["The Legislature finds and declares that because of the court's decision in People v. Van Hoek, 200 Cal.App.3d 811, there is an immediate need for additional statutory protection for the most vulnerable among our children . . . some of whom are being subjected to continuing sexual abuse . . . ."].)

 Gear attacks the statute as abrogating his constitutional right to a unanimous jury verdict because the statute and the jury instruction do not require the jury to unanimously agree on which three acts of molestation constitute the crime. In mounting this attack, Gear virtually ignores the established continuous-course-of-conduct exception to the requirement of jury unanimity on which specific acts the defendant committed.

The continuous-course-of-conduct exception "arises . . . when, as here, the statute contemplates a continuous course of conduct of a series of acts

---

[4] All of these cases were disapproved in *People* v. *Jones, supra,* 51 Cal.3d 294, 322.

over a period of time." (*People* v. *Thompson* (1984) 160 Cal.App.3d 220, 224 [206 Cal.Rptr. 516].) In *Thompson*, the continuous-course-of-conduct exception was applied to spousal battering. (*Id.* at p. 225.) It also has been applied to varying crimes that cover " 'repetitive or continuous conduct' " (*ibid.*) such as child abuse (§ 273a) (*People* v. *Ewing* (1977) 72 Cal.App.3d 714, 717 [140 Cal.Rptr. 299]); misdemeanor child annoyance or molestation (former § 647a) (*People* v. *Moore* (1986) 185 Cal.App.3d 1005, 1015 [230 Cal.Rptr. 237]); pimping (*People* v. *Lewis* (1978) 77 Cal.App.3d 455, 461 [143 Cal.Rptr. 587, 3 A.L.R.4th 1185]); pandering (*People* v. *White* (1979) 89 Cal.App.3d 143, 151 [152 Cal.Rptr. 312]); failure to provide for a minor child (*People* v. *Morrison* (1921) 54 Cal.App. 469, 471 [202 P. 348]); contributing to the delinquency of a minor (*People* v. *Lowell* (1946) 77 Cal.App.2d 341, 345-347 [175 P.2d 846]); and dissuading a witness from testifying (*People* v. *Salvato* (1991) 234 Cal.App.3d 872, 879 [285 Cal.Rptr. 837]).

The crime of continuous sexual abuse of a child (§ 288.5) is a continuous-course-of-conduct crime and therefore falls within the exception to the rule that jurors must agree on the particular criminal acts committed by the defendant before convicting him. (*People* v. *Higgins* (1992) 9 Cal.App.4th 294, 301-304 [11 Cal.Rptr.2d 694]; see also *People* v. *Avina* (1993) 14 Cal.App.4th 1303, 1309-1311 [18 Cal.Rptr.2d 511].) As Justice Mosk observed: "The Legislature has chosen to address the substantial constitutional problems raised by *Van Hoek* and its progeny by creating a continuous-course-of-conduct crime—the crime of resident child molestation." (*People* v. *Jones*, *supra*, 51 Cal.3d 294, 329 (dis. opn. of Mosk, J.).)

Gear asks us not to follow *Higgins*, *supra*, 9 Cal.App.4th 294, saying it was not correctly decided, but he does not substantively attack its analysis on the continuous course of conduct exception. We find the analysis by the court in *Higgins* to be thoughtful, well-reasoned and correct. Accordingly, we shall follow it.[5]

Contrary to Gear's assertions, section 288.5 was not "enacted without due regard for and in contravention of the constitutional requirement that an accused cannot be convicted of a crime without a unanimous verdict of a jury of his peers." This is so because section 288.5 criminalizes a continuous course of conduct; the *actus reus* of the crime is the course of conduct encompassing the individual acts of sexual conduct. The statute requires jury

---

[5]At oral argument, counsel for Gear suggested we also not follow the recently decided case of *Avina*, *supra*, 14 Cal.App.4th 1303. Again, no substantive reason for disregarding this precedent was offered. We view *Avina* as we view *Higgins*, namely thoughtful, well-reasoned and correct.

unanimity with respect to the course of conduct—i.e., the *actus reus*—and thereby satisfies the constitutional requirement. As Justice Mosk explained: "The continuous-course-of-conduct crime does not require jury unanimity on a specific act, because it is not the specific act that is criminalized. The *actus reus* of such a crime is a *series* of acts occurring over a substantial period of time, generally on the same victim and generally resulting in cumulative injury. The agreement required for conviction is directed at the appropriate *actus reus*: unanimous assent that the defendant engaged in the criminal course of conduct." (*People* v. *Jones, supra,* 51 Cal.3d 294, 329 (dis. opn. of Mosk, J.).)

Gear's reliance on federal cases such as *United States* v. *Gipson* (5th Cir. 1977) 553 F.2d 453; *U.S.* v. *Beros* (3d Cir. 1987) 833 F.2d 455; *U.S.* v. *Echeverri* (3d Cir. 1988) 854 F.2d 638, and *U.S.* v. *North* (D.C. Cir. 1990) 910 F.2d 843 [285 App.D.C. 343] is unavailing. None of these cases except *Echeverri* involves a crime that is a continuous-course-of-conduct crime. In *Echeverri,* the defendant was convicted of, among other things, one count of operating a continuing criminal enterprise. (21 U.S.C. § 848(b) [currently codified at 21 U.S.C.A. § 848(c) (Supp. 1993)].) The trial court instructed the jury it must find three violations of drug laws, but refused Echeverri's request to instruct the jury it was required to unanimously agree on which three acts constituted the continuing series of violations. The Court of Appeals found this was error. It did so on the authority of *Beros,* a case that did not involve a continuous-course-of-conduct statute. Furthermore, at no point did the *Echeverri* court mention the continuous-course-of-conduct exception to the unanimity requirement. Since *Echeverri* did not address this issue, we feel no compulsion to follow it. (Accord, *Higgins, supra,* 9 Cal.App.4th 294, 305-306.)

We also reject Gear's suggestion that section 288.5 is unconstitutional on the basis of *Jones, supra,* 51 Cal.3d 294. In *Jones,* the Supreme Court said: "In a case in which the evidence indicates the jurors might disagree as to the particular act defendant committed, the standard unanimity instruction should be given. [Citation.] But when there is no reasonable likelihood of juror disagreement as to particular acts, and the only question is whether or not the defendant in fact committed all of them, the jury should be given a modified unanimity instruction which, in addition to allowing a conviction if the jurors unanimously agree on specific acts, also allows a conviction if the jury unanimously agrees the defendant committed all the acts described by the victim." (*Id.* at pp. 321-322.) Gear argues section 288.5 does not comply with this standard. The problem with this argument is that it is akin to comparing apples with oranges.

In *Jones, supra,* 51 Cal.3d 294, 300, the defendant was charged with 28 counts of lewd and lascivious acts on children under the age of 14 (§ 288,

subd. (a)), not with violating section 288.5. Moreover, the *Jones* court made the above quoted prescription in the context of discussing whether generic testimony by children victims in such cases violated the right to a unanimous jury after the court rejected ". . . the contention that jury unanimity is necessarily unattainable where testimony regarding repeated identical offenses is presented in child molestation cases. In such cases, although the jury may not be able to readily distinguish between the various acts, it is certainly capable of unanimously agreeing that they took place in the number and manner described. [¶] . . . [E]ven generic testimony describes a repeated series of *specific*, though indistinguishable, acts of molestation." (51 Cal.3d at p. 321.) Thus, what the court in *Jones* did in this part of the opinion was sanction convictions of multiple counts of section 288 based solely on generic testimony by finding no constitutional abridgment of the right to a unanimous jury and allowing a "relaxed quantum of proof of multiple violations of section 288." (*Higgins, supra,* 9 Cal.App.4th 294, 301.) We agree with the Court of Appeal in *Higgins*: "[I]f the Supreme Court is satisfied there is no constitutional infirmity to section 288 convictions predicated exclusively on generic testimony, then neither does the codification of generic proof in section 288.5 violate . . . the right to a unanimous verdict." (*Ibid.*)

II

▪ Gear contends section 288.5 violates a defendant's right to due process by not requiring the prosecution to specify the acts of molestation that formed the basis of the charge. The contention is without merit.

In *Jones, supra,* 51 Cal.3d 294, 317, the Supreme Court addressed this issue in the context of nonspecific molestation charges, noting "[d]ue process of law requires that an accused be advised of the charges against him so that he has a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial."[6]

With respect to the defendant's right to notice, the court in *Jones, supra,* 51 Cal.3d at page 318, observed the availability of the preliminary hearing, demurrer and pretrial discovery procedures and concluded the prosecution of child molestation charges based on generic testimony does not necessarily result in a deprivation. Adopting the reasoning of Justice Sims of the Third Appellate District in his concurring opinion in *Gordon, supra,* 165

---

[6]In making his attack based on due process grounds, Gear quotes a passage from *Jones, supra,* 51 Cal.3d at page 316, as setting the standard of specificity required for resident molester cases and then states that standard was not met here. However, this discussion in *Jones* deals with an assignment of error based on insufficiency of the evidence, not a deprivation of due process.

Cal.App.3d 839, 870-871, the court in *Jones, supra,* 51 Cal.3d at page 317, noted the defendant does not have a right to notice of the specific time or place of an offense occurring within the applicable limitation period. "[T]he 'modern answer' to [the] rhetorical inquiry as to how defendant can prepare a defense against nonspecific molestation charges 'is that, at a minimum, a defendant must be prepared to defend against all offenses of the kind alleged in the information as are shown by evidence at the preliminary hearing to have occurred within the timeframe pleaded in the information.'" (*Ibid.,* quoting *Gordon, supra,* 165 Cal.App.3d 839, 870-871 (conc. opn. of Sims, J.); accord, *Higgins, supra,* 9 Cal.App.4th 294, 308.)

The court in *Jones, supra,* 51 Cal.3d 294, 318-319, also held the passage of Proposition 115, which dispensed with post-indictment preliminary hearings for felonies prosecuted by indictment, would not affect its analysis. We are neither inclined, nor in a position (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]), to second-guess our Supreme Court on this point.

In any event, this case proceeded by information and preliminary hearing. Gear contends the fact that at this post-Proposition 115 preliminary hearing the factual basis for the charges was provided by a police officer rather than Ameris prevented Gear from receiving the information needed to satisfy due process. We disagree.

At the preliminary hearing, the officer testified the molestations by Gear began in June 1990 as Ameris was completing the sixth grade. The officer said the molestations took place in the master bedroom, the bathroom off the master bedroom and the garage. The officer said Ameris described incidents of oral copulation and fondling to the breasts and the vaginal area as well as an instance in which Gear told Ameris to take off her clothes and lie in bed with him. The officer related a description of acts of oral copulation in the bathroom as well as in the garage. He also related Gear's last molestation when he fondled Ameris's breast while she was folding clothes. Notwithstanding Gear's quoting of a portion of the officer's testimony in which he could not answer what Ameris meant by "several months ago," we find the officer's testimony was very similar to the testimony provided by Ameris at trial, and, coupled with the information, provided sufficient due process notice to him of the charge of engaging in a continuous course of sexual abuse against Ameris.

Nor was Gear's right to present a defense violated. Here, not untypically, Gear presented an all-or-nothing defense based on credibility—either he is telling the truth and he did not commit any act of molestation or Ameris is

telling the truth and he is guilty. As the Supreme Court noted in *Jones*, *supra*, 51 Cal.3d 294, 319, the defendant in a resident child molester case rarely can offer a successful alibi or wrongful identification defense. (*Ibid.*) The inability to do so is not caused by the nonspecificity of dates, locations and other details of the generic charges; rather, the inability has to do with the fact that the defendant in a resident child molester case has lived with or has had access to the victim on a continuous basis. (*Ibid.*)

Moreover, we note the peculiar facts of this case possibly could have led to an alibi defense—at least to some of the acts described by Ameris. Because the Gears did not have a workable vehicle, Deborah Gear used taxi tickets to run her errands. Gear could have reviewed the taxi logs to determine possible dates for some of the acts described by Ameris and then testify he was not at home on those days. He chose not to pursue this line of defense. As the Supreme Court noted in *Jones*, *supra*, 51 Cal.3d 294, 319: "[T]here is no reason why the jury would be less inclined to credit the [alibi] defense as applied to appropriate counts, merely because the victim's generic testimony has implicated the defendant in additional counts or offenses not challenged by the alibi. Indeed, the fact that the defendant has established an alibi covering some of the time periods alleged in the information could significantly undermine the victim's testimony as to the remaining counts."

DISPOSITION

Affirmed.

Huffman, J., and Nares, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 29, 1993.