**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000524**
**29-OCT-2021**
**07:46 AM**
**Dkt. 77 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CYRUS A.F. YOUNG, Defendant-Appellant

NO. CAAP-20-0000524

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-17-0000773)

OCTOBER 29, 2021

GINOZA, CHIEF JUDGE, LEONARD AND HIRAOKA, JJ.

OPINION OF THE COURT BY HIRAOKA, J.

This case requires that we decide whether Hawaii Revised Statutes (**HRS**) § 707-733.6(2) (Supp. 2012) violates the Sixth and Fourteenth Amendments to the United States Constitution.  The Sixth Amendment requires a unanimous verdict to convict the defendant of a serious offense.  Ramos v. Louisiana, ___ U.S. ___, ___, 140 S. Ct. 1390, 1395, 206 L. Ed. 2d 583 (2020).  The Fourteenth Amendment prohibits the states from making or enforcing "any law which shall abridge the

privileges or immunities of citizens of the United States[.]"
HRS § 707-733.6 makes it a crime for a person who either resides
with, or has recurring access to, a minor, to engage in "three or
more acts of sexual penetration or sexual contact with the minor
over a period of time, while the minor is under the age of
fourteen years."  Subsection (2) of the statute provides:

> To convict under this section, the trier of fact, if a jury,
> need unanimously agree only that the requisite number of
> acts have occurred; the jury need not agree on which acts
> constitute the requisite number.

We hold that HRS § 707-733.6(2) does not violate the Sixth or
Fourteenth Amendments to the United States Constitution.  We also
hold that the trial court did not commit instructional error; and
the offense of Sexual Assault in the Third Degree is not included
in the offense of Continuous Sexual Assault of a Minor Under the
Age of Fourteen Years.

## BACKGROUND

On August 3, 2017, Defendant-Appellant Cyrus A.F.
**Young** was indicted by an Oʻahu grand jury for Continuous Sexual
Assault of a Minor Under the Age of Fourteen Years, in violation
of HRS § 707-733.6.  His jury trial began on February 25, 2020.[1]
The complaining witness (**CW**) was 18 years old at the time of the
trial.  She testified that Young was her stepfather, married to
her mother.  CW had known Young since she was a baby; she called

---

[1]     The Honorable Paul B.K. Wong presided.

him "Dad." Young and CW's mother had two younger children, CW's half-siblings. The five lived together in the same house.

CW testified that Young would touch her when she was 12 and 13 years old:

> So I remember one night I was in the living room, and I just woke up and I remember like feeling [Young] behind me, 'cause I would lay on the couch, and he would just start like rubbing -- rubbing my thighs and my stomach and sometimes my breast and just make me feel uncomfortable and like -- like what's going on?
>
> And then I remember another time, I was sleeping in my room, and he was leaving to go to work, and he told me goodnight. Then after he told me goodnight, he came back into my room after maybe like a couple minutes, and he grabbed my -- he pulled my ankles to the end of my bed where I was sleeping, and he pulled down my pants and my underwear, and he put his tongue on my vagina.
>
> And another time, I remember I was also in my room, and I -- I felt him like come onto my bed. And then I could hear the sound of his velcro from his shorts like coming off. And then I remember him grabbing my hand and putting his penis in my hand to make me hold it. And then after, he -- he put his penis in my butt -- between my butt cheeks. Then he started moving. And that's what I remember.

CW described the incidents in more detail in response to further questions. She also described a fourth incident, when Young went into her bedroom and rubbed her body both over and under her clothes, then claimed he had sleepwalked into her room.

Young testified in his own defense. He denied all of CW's allegations.

The circuit court's jury instruction no. 22 on "Continuous Sexual Assault of a Minor Under the Age of Fourteen" was read to the jury by agreement.[2] It stated:

---

[2] The State submitted proposed jury instructions before trial began, but withdrew them after the defense rested. Young did not submit proposed jury instructions.

The Defendant, CYRUS A.F. YOUNG, is charged with the offense of Continuous Sexual Assault of a Minor Under the Age of Fourteen.

A person commits the offense of Continuous Sexual Assault of a Minor Under the Age of Fourteen if he either resides in the same house with a minor under the age of fourteen or has recurring access to the minor, and engages in three or more acts of sexual penetration or sexual contact with the minor over a period of time while the minor is under the age of fourteen years.

There are four material elements of the offense of Continuous Sexual Assault of a Minor Under the Age of Fourteen, each of which the prosecution must prove beyond a reasonable doubt.

These four elements are:

1.    That on or about February 27, 2013, to and including February 26, 2015, in the City and County of Honolulu, **the Defendant engaged in three or more acts of sexual penetration or sexual contact with [CW]**; and

2.    That during that same period of time, the Defendant either resided in the same house with [CW] or had recurring access to her; and

3.    That the Defendant did so intentionally or knowingly as to the foregoing elements; and

4.    That during that same period of time, [CW] was under the age of fourteen years.

In addition, **as to element number 1, the jury need unanimously agree only that the requisite number of acts have occurred; the jury need not agree on which acts constitute the requisite number**.

(Emphasis added.)

The jury found Young guilty as charged.  He was sentenced to a 20-year prison term.  The circuit court entered a "Judgment of Conviction and Sentence" on July 24, 2020.  This appeal followed.

## POINTS OF ERROR

Young contends: (1) "The trial court plainly erred in failing to instruct the jury that each individual juror had to find three separate instances of sexual contact or sexual

penetration"; (2) "The trial court plainly erred in failing to instruct the jury on the included offense of sexual assault in the third degree"; and (3) "HRS § 707-733.6(2) is unconstitutional under the 6th [sic] and 14th [sic] amendments [sic] of the United States Constitution."

## STANDARDS OF REVIEW

### Jury Instructions

> The standard of review for a trial court's issuance or refusal of a jury instruction is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial. In other words, error is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes whether there is a reasonable possibility that error may have contributed to conviction.

State v. Rabago, 103 Hawaiʻi 236, 245-46, 81 P.3d 1151, 1160-61 (2003) (cleaned up) (reformatted). Young did not object to any jury instruction. However,

> although as a general matter forfeited assignments of error are to be reviewed under Hawaiʻi Rules of Penal Procedure (HRPP) Rule 52(b) plain error standard of review, in the case of erroneous jury instructions, that standard of review is effectively merged with the HRPP Rule 52(a) harmless error standard of review because it is the duty of the trial court to properly instruct the jury. As a result, once instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction, i.e., that the erroneous jury instruction was not harmless beyond a reasonable doubt.

State v. Malave, 146 Hawaiʻi 341, 348, 463 P.3d 998, 1005 (2020) (cleaned up).

5

### Statutory Interpretation

"The interpretation of a statute is a question of law reviewable de novo." Rabago, 103 Hawaiʻi at 245, 81 P.3d at 1160 (cleaned up).

### Included Offenses

Whether an offense is an included offense of another is a question of law reviewed de novo under the right/wrong standard of review. See State v. Friedman, 93 Hawaiʻi 63, 68, 996 P.2d 268, 273 (2000).

### Questions of Constitutional Law

"We answer questions of constitutional law by exercising our own independent judgment based on the facts of the case, and, thus, questions of constitutional law are reviewed on appeal under the 'right/wrong' standard." Rabago, 103 Hawaiʻi at 244, 81 P.3d at 1159 (cleaned up).

## DISCUSSION

"A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." State v. Uchima, 147 Hawaiʻi 64, 87, 464 P.3d 852, 875 (2020) (citation omitted). It is necessary for us to reach the constitutional issue in this case because Young's other points of error have no merit. We begin with the constitutional issue because our discussion of the continuing course of conduct criminalized by HRS § 707-733.6 informs our discussion of the remaining issues.

**HRS § 707-733.6(2) does not violate the Sixth or Fourteenth Amendments to the United States Constitution.**

Citing <u>Ramos</u>, Young contends that HRS § 707-733.6(2) violates the Sixth[3] and Fourteenth[4] Amendments to the United States Constitution.  HRS § 707-733.6 provides:

> **§ 707-733.6 Continuous sexual assault of a minor under the age of fourteen years.**  (1)  A person commits the offense of continuous sexual assault of a minor under the age of fourteen years if the person:
>
> > (a)  Either resides in the same home with a minor under the age of fourteen years or has recurring access to the minor; and
> >
> > (b)  Engages in three or more acts of sexual penetration[5] or sexual contact[6] with the

---

3    U.S. Const. amend. VI provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

4    U.S. Const. amend. XIV, § 1 provides:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

5    "Sexual penetration" means:

(1)    Vaginal intercourse, anal intercourse, fellatio, deviate sexual intercourse, or any intrusion of any part of a person's body or of any object into the genital or anal opening of another person's body; it occurs upon any penetration, however slight, but emission is not required. As used in this definition, "genital opening" includes the anterior surface of the vulva or labia majora; or

(2)    Cunnilingus or anilingus, whether or not actual penetration has occurred.

(continued...)

minor over a period of time, while the minor is under the age of fourteen years.

***(2) To convict under this section, the trier of fact, if a jury, need unanimously agree only that the requisite number of acts have occurred; the jury need not agree on which acts constitute the requisite number.***

(3) No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section, unless the other charged offense occurred outside the period of the offense charged under this section, or the other offense is charged in the alternative. A defendant may be charged with only one count under this section, unless more than one victim is involved, in which case a separate count may be charged for each victim.

(4) Continuous sexual assault of a minor under the age of fourteen years is a class A felony.

(Bold italics added.)

In Ramos, the United States Supreme Court considered whether the laws of Louisiana and Oregon — which allowed defendants to be convicted of serious offenses by nonunanimous 10-to-2 jury verdicts — violated the Sixth Amendment right to trial "by an impartial jury[,]" as incorporated against the States by the Fourteenth Amendment. The Supreme Court held "the answer is unmistakable. A jury must reach a unanimous verdict in order to convict." Id. at ___, 140 S. Ct. at 1395, 206 L. Ed. 2d 583. The jury unanimity requirement "applies to state and federal criminal trials equally." Id. at ___, 140 S. Ct. at 1397, 206 L. Ed. 2d 583. Ramos did not address the issue presented by Young in this appeal: whether the juror unanimity

---

[5] (...continued)
HRS § 707-700 (Supp. 2012).

[6] "Sexual contact" means any touching, other than acts of 'sexual penetration', of the sexual or other intimate parts of a person not married to the actor, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts. HRS § 707-700 (Supp. 2012).

requirement extends to deciding which of several possible means the defendant used to commit an element of the crime.

HRS § 707-733.6(2) requires that the jury "unanimously agree only that the requisite *number* of acts [(three or more)] have occurred; the jury need *not* agree on *which* acts constitute the requisite number."  (Emphasis added.)  Young argues that HRS § 707-733.6(2) runs afoul of the federal constitutional requirement of jury unanimity.  The history of the statute explains why it does not.

Before 1997, Hawai'i had no statute specifically criminalizing continuous sexual assault of a minor under the age of 14 years.  HRS § 707-732(1)(b) (1993) ("Sexual assault in the third degree") prohibited subjecting a person under the age of 14 to sexual contact, and HRS § 707-730(1)(b) (1993) ("Sexual assault in the first degree") prohibited subjecting a person under the age of 14 to sexual penetration.  In State v. Arceo, 84 Hawai'i 1, 928 P.2d 843 (1996), the defendant was charged with one count of sexual assault in the first degree and one count of sexual assault in the third degree.  The complaining witness was the defendant's son, who was 6 years old at the time of the alleged offense.  At trial, the child (who was then 9 years old) testified about a number of occasions when he was subjected to sexual contact and sexual penetration by his father, but "he could only guess as to the number of separate instances because he could not presently remember."  Id. at 7-10, 928 P.2d at 849-52.  The jury was given a "general unanimity" instruction; that "as to each count, your verdict must be unanimous."  Id. at 10,

9

928 P.2d at 852 (cleaned up). The jury found the defendant guilty as charged on both counts.

On appeal, the defendant argued that as to each charge, the prosecution was required to choose one of the several alleged instances of sexual contact or sexual penetration to prosecute, and that evidence of the other alleged instances should have been excluded under Rules 403 (exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time) and 404(b) (evidence of other crimes, wrongs, or acts) of the Hawaii Rules of Evidence. The State argued that sexual assault in the first degree and sexual assault in the third degree were continuing offenses, allowing the defendant's "repeated acts occurring over a period of time" to be aggregated into the two-count indictment. Arceo, 84 Hawaiʻi at 12, 928 P.2d at 854.

A majority of the Hawaiʻi Supreme Court held:

> [W]hen separate and distinct culpable acts are subsumed within a single count charging a sexual assault — any one of which could support a conviction thereunder — and the defendant is ultimately convicted by a jury of the charged offense, the defendant's constitutional right to a unanimous verdict is violated unless one or both of the following occurs: (1) at or before the close of its case-in-chief, the prosecution is required to elect the specific act upon which it is relying to establish the "conduct" element of the charged offense; or (2) the trial court gives the jury a specific unanimity instruction, i.e., **an instruction that advises the jury that all twelve of its members must agree that the same underlying criminal act has been proved beyond a reasonable doubt**.

Arceo, 84 Hawaiʻi at 32-33, 928 P.2d at 874-75 (emphasis added).

In a dissent, Justice Nakayama wrote:

> I agree with the majority's holding . . . that under the current Hawaiʻi Penal Code (HPC), sexual assault in the first degree . . . and sexual assault in the third degree . . . are not "continuing offenses" because they represent distinct acts and therefore, separate offenses. However, I urge the Hawaiʻi legislature to enact a "continuous sexual

abuse of a child" statute under the HPC, similar to the statute enacted by the State of California,[7] to cure the problems inherent in the criminal prosecution of sexual abuse cases involving a minor of tender years who is unable to specifically recall dates, instances or circumstances surrounding the abuse.

Id. at 38, 928 P.2d at 880 (Nakayama, J., dissenting).

In response to Justice Nakayama's dissent, the 1997 legislature enacted HRS § 707-733.5 (Supp. 2006) (repealed 2006).[8] That statute — the predecessor of HRS § 707-733.6 — provided:

> **§ 707-733.5 Continuous sexual assault of a minor under the age of fourteen years.** (1) Any person who:
>
> (a) Either resides in the same home with a minor under the age of fourteen years or has recurring access to the minor; and
>
> (b) Engages in three or more acts of sexual penetration or sexual contact with the minor over a period of time, but while the minor is under the age of fourteen years,
>
> is guilty of the offense of continuous sexual assault of a minor under the age of fourteen years.
>
> (2) ***To convict under this section, the trier of fact, if a jury, need unanimously agree only that the***

---

[7] California Penal Code § 288.5 provided, in relevant part:

(a) Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense, . . . or three or more acts of lewd or lascivious conduct . . . with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child. . . .

(b) To convict under this section the trier of fact, if a jury, need unanimously agree only that the requisite number of acts occurred[,] not on which acts constitute the requisite number.

Arceo, 84 Hawai'i at 41 n.6, 928 P.2d at 883 n.6 (Nakayama, J., dissenting).

[8] The legislature specifically referred to, and agreed with, Justice Nakayama's Arceo dissent when it enacted HRS § 707-733.5. See 1997 Haw. Sess. Laws Act 379, § 1 at 1192.

> ***requisite number of acts have occurred; the jury need not agree on which acts constitute the requisite number.***
>
> (3)   No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section, unless the other charged offense occurred outside the time frame of the offense charged under this section or the other offense is charged in the alternative.  A defendant may be charged with only one count under this section unless more than one victim is involved, in which case a separate count may be charged for each victim.
>
> (4)   Continuous sexual assault of a minor under the age of fourteen years is a class A felony.

(Bold italics added.)

In Rabago, a majority of the supreme court held that HRS § 707-733.5(2) "violates the rule adopted by this court in Arceo" and struck down the statute "as an unconstitutional violation of a defendant's constitutional right to due process of law."  103 Hawaiʻi at 238, 81 P.3d at 1153.

> The conduct element requisite to HRS § 707-733.5, i.e., "three or more acts of sexual penetration or sexual contact," when combined with the attendant circumstance of "over a period of time," . . . necessarily entails multiple impulses and the operation of intermittent forces and thus deviates from the construct of "continuing offenses" adopted by this court in Arceo.  Multiple acts of sexual penetration or sexual contact, committed "over a period of time," bespeak "separate and distinct intents," which, under the formulation that this court adopted in Arceo, can only occur under circumstances in which the "defendant intended to commit more than one offense in the course of [the] criminal episode." . . .
>
>     . . . Arceo recognized that the aggregated acts of sexual assault that now constitute the conduct element of HRS § 707-733.5 are inherently separate, on the basis that "'[m]ultiple sex acts do not merge into a single continuing offense ***because the defendant can be convicted and punished for each separate act.***'"

Id. at 252, 81 P.3d at 1167 (emphasis added) (citations omitted). The majority acknowledged that the legislature intended HRS § 707-733.5 be a continuing offense, but held that

> the legislature's mere labeling of a criminal offense in a particular manner does not necessarily make it so.  ***It is***

12

> ***the judicial branch that independently determines whether such a label is justified.*** Thus, as an imperative of the separation of powers doctrine, it is the province of this court, and not the legislature, ultimately to ascertain whether, for purposes of HRS § 707-733.5, multiple acts of sexual penetration or sexual contact may be deemed a "continuing offense." As previously discussed, we hold that such acts are, by nature, separate and discrete and therefore may not form the basis of a "continuing offense."

Id. at 253, 81 P.3d at 1168 (cleaned up) (bolding added).

In another dissent, Justice Nakayama wrote:

> It is not this court's duty to judicially legislate. Instead, this court's primary responsibility is to ascertain and give effect to the intention of the legislature in accordance with the law's plain and obvious meaning. In enacting HRS § 707-733.5 to remedy the problems inherent in the prosecution of "resident molesters," the legislature clearly established a continuing course of conduct offense. The legislature expressed that the purpose of HRS § 707-733.5 "is to set forth the parameters of the offense of continuous sexual assault of a minor under the age of fourteen years . . . that defines the circumstances and provides specific guidelines under which the sexual assault of a minor is deemed a continuing offense" and declared that sexual assaults by "resident molesters" constitute a continuing offense. As such, in giving effect to HRS § 707-733.5, this court is not at liberty to disregard HRS § 707-733.5's plain language and obvious meaning, as the majority now sees fit to do.

Rabago, 103 Hawaiʻi at 257 n.5, 81 P.3d at 1172 n.5 (Nakayama, J., dissenting, joined by Moon, C.J.).

Following Rabago, the legislature proposed an amendment to the Hawaiʻi Constitution. The legislature explained:

> The purpose of this Act is to propose an amendment to article I of the Constitution of the State of Hawaii to provide that the legislature may define what behavior constitutes a continuing course of conduct in continuous sexual assault crimes against minors younger than fourteen years of age and what constitutes the jury unanimity that is required for a conviction.
>
> Under current Hawaii law, it is difficult to prosecute those who repeatedly sexually assault a child, because of the difficulty young children have in remembering the individual dates on which they were sexually assaulted. This amendment would allow the legislature to enact a law that would permit juries to convict a person of the continuous sexual assault of a minor younger than fourteen years of age, if each member of the jury was convinced beyond a reasonable doubt that the defendant had sexually

> assaulted the child the required number of times (such as three), even if there were not unanimity as to the individual assaults.  This would make it easier to prosecute those who repeatedly sexually assault a child.

2006 Haw. Sess. Laws S.B. No. 2246, § 1 at 1268-69.

The proposed constitutional amendment was ratified on November 7, 2006, and became article I, section 25 of the Hawaiʻi Constitution.  Article I, § 25 provides:

> In continuous sexual assault crimes against minors younger than fourteen years of age, the legislature may define:
>
> 1.    What behavior constitutes a continuing course of conduct; and
>
> 2.    What constitutes the jury unanimity that is required for a conviction.

Thus, after the amendment was ratified, the Hawaiʻi Constitution empowered the legislative branch to define the actus reus[9] element of continuous sexual assault crimes against minors younger than 14 years of age as a continuing course of conduct.

During the 2006 session the legislature also passed Act 60, which repealed HRS § 707-733.5 and reenacted it, with a few minor changes, as HRS § 707-733.6.  2006 Haw. Sess. Laws Act 60, §§ 1, 6 at 89, 92.  A committee of the legislature explained:

> Your Committee finds that **this measure, along with the proposed constitutional amendment in S.B. 2246, is intended to reverse the effect of** State v. Rab[a]go, 103 Haw. 2[36] (2003).  Under the current law, it is difficult to prosecute those who repeatedly sexually assault young children, because of the difficulty young children have in remembering the individual dates on which they were sexually assaulted. This measure would permit juries to convict a person of the continuous sexual assault of a child, if each member of the jury was convinced beyond a reasonable doubt that the defendant had sexually assaulted the child the required

---

[9]    "Actus reus" is defined as "[t]he wrongful deed that comprises the physical components of a crime and that generally must be coupled with mens rea to establish criminal liability[.]"  Actus Reus, Black's Law Dictionary (11th ed. 2019).

> minimum number of times, even if there were no unanimity as to the individual assaults, thus making it easier to prosecute those who repeatedly sexually assault children.

S. Stand. Comm. Rep. No. 3010, in 2006 Senate Journal, at 1458 (emphasis added). Act 60 became effective upon ratification of the constitutional amendment. 2006 Haw. Sess. Laws Act 60, § 9 at 93.

Young concedes that "because the Hawaii [sic] Constitution was amended to include Article 1, Section 25, the Hawaii [sic] Supreme Court is constrained from following the precedent it set in Rabago." He argues, however, that HRS § 707-733.6(2) violates the United States Constitution's Sixth Amendment right to trial "by an impartial jury" (incorporated against the States by the Fourteenth Amendment), which affords him greater protection than that provided by the Hawaiʻi Constitution. His argument is without merit. HRS § 707-733.6 is a continuing-course-of-conduct offense. See State v. Shaw, ___ Hawaiʻi ___, ___, ___ P.3d ___, ___, 2021 WL 4487289, at *4 (Haw. Oct. 1, 2021) (noting that "if the act proscribed by the statute 'describes an ongoing course of conduct,' that 'connotes a legislative design to make an aspect of [the crime] continuing[.]'") (quoting State v. Temple, 65 Haw. 261, 267, 650 P.2d 1358, 1362 (1982)). The United States Constitution does not require jury unanimity about specific incidents of underlying conduct to convict a defendant of a continuing-course-of-conduct offense.

15

In <u>Richardson v. United States</u>, 526 U.S. 813, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999), the United States Supreme Court reiterated that "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." <u>Id.</u> at 817, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (citing <u>Schad v. Arizona</u>, 501 U.S. 624, 631-32, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (1991) (plurality opinion), <u>abrogation on other grounds recognized</u>, <u>Edwards v. Vannoy</u>, ___ U.S. ___, ___ & n.4, 141 S. Ct. 1547, 1556 & n.4, 209 L. Ed. 2d 651 (2021), and <u>Andersen v. United States</u>, 170 U.S. 481, 499–501, 18 S. Ct. 689, 42 L. Ed. 1116 (1898)); <u>see also</u> <u>Schad</u>, 501 U.S. at 649, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (Scalia, J., concurring in part and concurring in the judgment) ("[I]t has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission.") (citations omitted).

The <u>Schad</u> plurality opinion recognized:

> Judicial restraint necessarily follows from a recognition of the impossibility of determining, as an <u>a priori</u> matter, whether a given combination of facts is consistent with there being only one offense. ***Decisions about*** what facts are material and what are immaterial, or . . . ***what facts are necessary to constitute the crime, and therefore must be proved individually, and what facts are mere means, represent value choices more appropriately made in the first instance by a legislature than by a court***. Respect for this legislative competence counsels restraint against judicial second-guessing[.]

501 U.S. at 638, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (cleaned up) (emphasis added).  The Hawaiʻi legislature enacted HRS

§ 707-733.6, as authorized by article I, section 25 of the Hawaiʻi Constitution, to criminalize a continuing course of conduct.  The statute requires jury unanimity on the defendant's course of conduct, but does not require jury unanimity about the means by which the course of conduct was committed — that is, the underlying brute facts.  That was the legislature's prerogative under article I, section 25 of the Hawaiʻi Constitution.  <u>See</u> <u>Schad</u>, 501 U.S. at 638, 111 S. Ct. 2491, 115 L. Ed. 2d 555.

The United States Supreme Court acknowledged that state statutes criminalizing the continuous sexual abuse of a minor "have sometimes permitted jury disagreement about a 'specific' underlying criminal 'incident' insisting only upon proof of a 'continuous course of conduct' in violation of the law." <u>Richardson</u>, 526 U.S. at 821, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (citing <u>People v. Gear</u>, 23 Cal.Rptr.2d 261, 263-67 (Cal. Ct. App. 1993) (involving California Penal Code § 288.5) (other citations omitted).  Hawaiʻi Supreme Court Justice Nakayama, dissenting in <u>Rabago</u>, also referred to <u>Gear</u> (among other California cases) as rejecting constitutional challenges to California Penal Code § 288.5:

> In <u>People v. Gear</u>, 19 Cal.App.4th 86, 23 Cal.Rptr.2d 261 (1993), the minor victim alleged that the defendant sexually assaulted her at least twenty times.  The defendant was subsequently convicted on one count of continuous sexual abuse of a minor, in violation of Penal Code § 288.5.  On appeal, the defendant asserted that Penal Code § 288.5 was unconstitutional on the ground that it deprived him of his right to a unanimous jury verdict by allowing a conviction without requiring jury unanimity as to which three underlying acts supported the conviction.  Rejecting the defendant's argument, the court noted that the defendant virtually ignored the established continuous course of conduct exception to the requirement of jury unanimity on which specific acts the defendant committed.  <u>Id.</u> at 91, 23 Cal.Rptr.2d 261.  The court recognized that the continuous

course of conduct exception "arises . . . when, as here, the
statute contemplates a continuous course of conduct of a
series of acts over a period of time[,]" id. at 91-92, 23
Cal.Rptr.2d 261 (citations omitted), and, thus, clarified
that

> [t]he crime of continuous sexual abuse of a child
> ([Penal Code] § 288.5) is a continuous[-]course-of-
> conduct crime and therefore ***falls within the exception
> to the rule that jurors must agree on the particular
> criminal acts committed by the defendant*** before
> convicting him. . . . *[Penal Code §] 288.5 was not
> enacted without due regard for and in contravention of
> the constitutional requirement that an accused cannot
> be convicted of a crime without a unanimous verdict of
> a jury of his peers. This is so because [Penal Code
> §] 288.5 criminalizes a continuous course of conduct*;
> ***the actus reus of the crime is the course of conduct
> encompassing the individual acts of sexual conduct.***
> The statute requires jury unanimity with respect to
> the course of conduct — i.e., the *actus reus* — and
> thereby satisfies the constitutional requirement.
> . . . *The continuous-course-of-conduct crime does not
> require jury unanimity on a specific act, because it
> is not the specific act that is criminalized.* The
> *actus reus* of such a crime is a *series* of acts
> occurring over a substantial period of time, generally
> on the same victim and generally resulting in
> cumulative injury. *The agreement required for
> conviction is directed at the appropriate actus reus:
> unanimous assent that the defendant engaged in the
> criminal course of conduct.*

> Id. at 92-93, 23 Cal.Rptr.2d 261 (internal citations and
> quotation marks omitted and emphases added).

Rabago, 103 Hawaiʻi at 259-60, 81 P.3d at 1174-75 (Nakayama, J.,

dissenting, joined by Moon, C.J.) (bold italics added) (brackets

and other italics in original).

The actus reus or conduct element[10] of HRS § 707-733.6

is a series of three or more acts of sexual penetration or sexual

---

[10]     HRS § 702-205 (1993) provides:

**Elements of an offense.** The elements of an offense are such
(1) conduct, (2) attendant circumstances, and (3) results of
conduct, as:

>     (a)     Are specified by the definition of the offense,
>             and

>     (b)     Negative a defense (other than a defense based
>             on the statute of limitations, lack of venue, or
>             lack of jurisdiction).

contact.  The statute requires jury unanimity with respect to the course of conduct — the actus reus — thereby satisfying the constitutional requirement.  To find a defendant guilty of Continuous Sexual Assault of a Minor Under the Age of Fourteen Years, each juror must find that the defendant committed three (or more) specific predicate acts; unanimity is not required on which acts the defendant committed because the acts themselves are not criminalized.  The predicate acts are the brute facts; that is, the means by which the defendant commits the continuing-course-of-conduct crime.

> The continuous-course-of-conduct crime does not require jury unanimity on a specific act, because ***it is not the specific act that is criminalized***.  The *actus reus* of such a crime is a *series* of acts occurring over a substantial period of time, generally on the same victim and generally resulting in cumulative injury.  The agreement required for conviction is directed at the appropriate *actus reus*: unanimous assent that the defendant engaged in the criminal course of conduct.

Gear, 23 Cal.Rptr.2d at 266 (cleaned up) (bold italics added) (quoting People v. Jones, 792 P.2d 643, 663-64 (Cal. 1990) (Mosk, J., dissenting)); cf. State v. Jones, 96 Hawaiʻi 161, 170, 29 P.3d 351, 360 (2001) ("In an alternative means case, where a single offense may be committed in more than one way, there must be jury unanimity as to guilt for the single crime charged.  Unanimity is not required, however, as to the means by which the crime was committed[.]"); State v. Klinge, 92 Hawaiʻi 577, 587, 994 P.2d 509, 519 (2000) (explaining that the jury was not required to be unanimous with respect to the "means" by which the defendant committed the offense and "the general principle that juries need

not agree on alternative means of establishing the mental state component possessed by the defendant is well established and widely recognized.").

Finally, courts in other jurisdictions have held that their respective continuous sexual assault statutes do not require jury unanimity on the specific predicate acts.  See, e.g., Arizona v. Ramsey, 124 P.3d 756, 764 (Ariz. Ct. App. 2005) (under Arizona statute concerning continuous sexual abuse of a child, "the specific, individual acts that constitute the requisite number of predicate acts . . . clearly constitute the underlying brute facts or means rather than elements of the crime on which the jury must agree unanimously and separately.") (cleaned up) (quoting Richardson, 526 U.S. at 817–18); Wisconsin v. Johnson, 627 N.W.2d 455, 460 (Wis. 2001) (under Wisconsin statute concerning repeated acts of sexual assault of the same child, "the predicate acts of sexual assault are not themselves elements of the offense, about which the jury must be unanimous before convicting the defendant.  Rather, to convict under this statute, the jury need only unanimously agree that the defendant committed at least three acts of sexual assault of the same child within the specified time period."); Buxton v. Texas, 526 S.W.3d 666, 679 (Tex. App. 2017) (under Texas continuous sexual abuse of a child statute, "it is the commission of two or more acts of sexual abuse over the specified time period — that is, the pattern of behavior or the series of acts — that is the actus reus element of the offense as to which the jurors must be unanimous in order to convict.") (citing cases).

For all of these reasons, we hold that HRS § 707-733.6(2) does not violate the Sixth or Fourteenth Amendments to the United States Constitution.

**There was no instructional error.**

Young contends that the circuit court's instruction no. 22 was "misleading and confusing[.]"  It was not.  HRS § 707-733.6(2) provides:

> To convict under this section, the trier of fact, if a jury, need unanimously agree only that the requisite number of acts have occurred; the jury need not agree on which acts constitute the requisite number.

The circuit court's jury instruction no. 22 (which, according to the circuit court, was based upon "the [anticipated Hawaiʻi Pattern Jury Instructions — Criminal] 9.42.5[.]") stated that the prosecution must prove beyond a reasonable doubt:

> 1.    That on or about February 27, 2013, to and including February 26, 2015, in the City and County of Honolulu, the Defendant engaged in three or more acts of sexual penetration or sexual contact with [CW][.] . . .
>
>     . . . .
>
>     . . . [A]s to element number 1, the jury need unanimously agree only that the requisite number of acts have occurred; the jury need not agree on which acts constitute the requisite number.

Young argues:

> Some jurors may find two acts of sexual contact occurred. Other jurors may disagree with these two acts and may conclude that two other acts occurred.  Another juror may find only one act had occurred. **The jury could interpret the instruction to allow them to accumulate the acts to meet the threshold requisite number of three acts even though not all of the jurors may have concluded that he committed three or more acts**.  It's even possible for the jurors to be separated into two separate groups.  **One group could find he did two acts and the other could find he committed two different acts; but when accumulated, the threshold of three**

> ***acts is met.*** When they view the instruction, they could agree that the requisite number of acts has been met and find him guilty because they were not required to agree on the same acts.

(Emphasis added.) Young's argument is without merit. The circuit court's instruction clearly told the jury they must unanimously agree "that the requisite number of acts have occurred[.]" If any juror found that Young committed less than three acts, there would not be unanimous agreement "that the requisite number of acts have occurred[.]" We hold that the circuit court's instruction no. 22 was neither misleading nor confusing; the circuit court did not plainly err by giving it.

### Sexual Assault in the Third Degree is not included in Continuous Sexual Assault of a Minor Under the Age of Fourteen Years.

Young contends that the circuit court plainly erred by failing to instruct the jury on the included offense of Sexual Assault in the Third Degree (**Sex Assault 3**). The circuit court did not err. Sex Assault 3 is not an offense included in Continuous Sexual Assault of a Minor Under the Age of Fourteen Years. There are several reasons for this conclusion.

HRS § 701-109 (1993) provided, in relevant part:

> **Method of prosecution when conduct establishes an element of more than one offense**. . . .
>
> . . . .
>
> (4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:
>
> (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>
> . . . .

> (c)  It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

### HRS § 701-109(4)(a)

"HRS § 701-109(4)(a) adopted the common law definition of lesser included offenses[,] that an offense is included when it is established by proof of the same or less than all the facts required to establish the offense charged." State v. Burdett, 70 Haw. 85, 87, 762 P.2d 164, 166 (1988) (citing Commentary to HRS § 701-109). "In other words, an offense is included if it is impossible to commit the greater without also committing the lesser." Id. at 87-88, 762 P.2d at 166 (citations omitted).

The statute criminalizing Sex Assault 3 provides, in relevant part:

> **§ 707-732 Sexual assault in the third degree.** (1) A person commits the offense of sexual assault in the third degree if:
>
> . . . .
>
> (b)  The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]

HRS § 707-732 (Supp. 2012). To convict a defendant of Sex Assault 3, a jury must unanimously agree "that the same underlying criminal act has been proved beyond a reasonable doubt." Arceo, 84 Hawaiʻi at 33, 928 P.2d at 875 (underscoring added). By contrast, a jury can convict a defendant of Continuous Sexual Assault of a Minor Under the Age of Fourteen under HRS § 707-733.6 if each juror finds that the defendant

23

engaged in "three or more acts of sexual penetration <u>or</u> sexual contact[,]" even though the jury does not agree on <u>which</u> three (or more) predicate acts took place. Thus, Sex Assault 3 requires the jury to unanimously agree that the same specific act of sexual contact was proven, whereas Continuous Sexual Assault of a Minor Under the Age of Fourteen requires a jury to unanimously agree that the requisite number of specific predicate acts — either sexual penetration or sexual contact — have occurred. It is possible to commit Continuous Sexual Assault of a Minor Under the Age of Fourteen without also committing Sex Assault 3.

In addition, "a lesser included offense cannot have a mental state greater than or different from that which is required for the offense charged." <u>Burdett</u>, 70 Haw. at 88, 762 P.2d at 166 (citations omitted). HRS § 707-733.6 does not specify a mens rea element; accordingly, the mens rea for Continuous Sexual Assault of a Minor Under the Age of Fourteen is "intentionally, knowingly, <u>or recklessly</u>." <u>See</u> HRS § 702-204 (1993) ("When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly."). The mens rea element of Sex Assault 3 is "knowingly." Thus, Sex Assault 3 cannot be an offense included in Continuous Sexual Assault of a Minor Under the Age of Fourteen because the mental state required for the former is "different from" the mental state required for the latter, and because the mental state required for the former

("knowingly") is greater than one of the mental states applicable to the latter ("recklessly").  See HRS § 702-206 (1993) (defining states of mind).

In applying HRS § 701-109(4)(a), the Hawai'i Supreme Court has also held that "the legislative statutory scheme" may be considered in determining whether an offense is a lesser included offense of another.  Friedman, 93 Hawai'i at 72, 996 P.2d at 277 (citations omitted).  As noted above, when the legislature enacted HRS § 707-733.6 it stated:

> [I]t is difficult to prosecute those who repeatedly sexually assault young children, because of the difficulty young children have in remembering the individual dates on which they were sexually assaulted.  This measure would permit juries to convict a person of the continuous sexual assault of a child, if each member of the jury was convinced beyond a reasonable doubt that the defendant had sexually assaulted the child the required minimum number of times, even if there were no unanimity as to the individual assaults, thus making it easier to prosecute those who repeatedly sexually assault children.

S. Stand. Comm. Rep. No. 3010, in 2006 Senate Journal, at 1458. Thus did the legislature express its intent to require a lesser degree of proof about specific assaults from children younger than 14 to convict a defendant for Continuous Sexual Assault of a Minor Under the Age of Fourteen than it did for Sex Assault 3.

Finally, the intent to treat Continuous Sexual Assault of a Minor Under the Age of Fourteen differently than Sex Assault 3 is also evident from the language of HRS § 707-733.6(3), which provides in relevant part:

> No other felony sex offense[11] involving the same victim may be charged in the same proceeding with a charge under this section, unless the other charged offense occurred outside

---

[11]  Sex Assault 3 is a class C felony.  HRS § 707-732(2).

> the period of the offense charged under this section, or the other offense is **charged in the alternative**.  A defendant may be charged with only one count under this section, unless more than one victim is involved, in which case a separate count may be charged for each victim.

(Emphasis added.)  It would be unnecessary to charge Sex Assault 3 in the alternative if it were included in the offense of Continuous Sexual Assault of a Minor Under the Age of Fourteen.

### HRS § 701-109(4)(c)

> HRS § 701-109(4)(c) expands the doctrine of lesser included offenses to include crimes that require a lesser degree of culpability or a less serious injury or risk of injury.  Subsection (c) differs from (a) in that there may be some dissimilarity in the facts necessary to prove the lesser offense, but the end result is the same.

Burdett, 70 Haw. at 90, 762 P.2d at 167.

As discussed in the preceding section, the mens rea for Continuous Sexual Assault of a Minor Under the Age of Fourteen is "intentionally, knowingly, or recklessly."  The mens rea for Sex Assault 3 is "knowingly."  Thus, Sex Assault 3 cannot be an offense included in Continuous Sexual Assault of a Minor Under the Age of Fourteen because it does not "require a lesser degree of culpability."

In addition, the "end result" of Sex Assault 3 is that a minor less than 14 years old is subjected to sexual contact with the defendant.  The "end result" of Continuous Sexual Assault of a Minor Under the Age of Fourteen is that a minor less than 14 years old, who either resides in the same home with the defendant or to whom the defendant has recurring access, is subjected to three or more acts of sexual contact or sexual

26

<u>penetration</u> with the defendant. Because the end results are not the same, the offense of Sex Assault 3 is not included in the offense of Continuous Sexual Assault of a Minor Under the Age of Fourteen.

**CONCLUSION**

For the foregoing reasons, the "Judgment of Conviction and Sentence" entered by the circuit court on July 24, 2020, is affirmed.

On the briefs:

William H. Jameson, Jr.
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee
State of Hawaiʻi.

Robert T. Nakatsuji,
First Deputy Solicitor General,
for Amicus Curiae Attorney General
of the State of Hawaiʻi.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge